**In re Rosa Melia DIEZ, Debtor.**

**Bankruptcy No. 84–01536–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Dec. 12, 1984.

---

Law Offices of Philip T. Weinstein, Miami, Fla., for debtor.

Marilynn G. Koonce, Asst. U.S. Atty., Miami, Fla., Alvarez L. LeCesne, Jr., Tax Div., Dept. of Justice, Washington, D.C., W. Preston White, Jr., Dist. Counsel, I.R.S., Miami, Fla., for I.R.S.

Robert L. Roth, Miami, Fla., Trustee.

## ORDER ABSTAINING FROM TAX DISPUTE

THOMAS C. BRITTON, Bankruptcy Judge.

The debtor has elected to present a tax dispute with the I.R.S. in this court. This court abstains.

The debtor filed her chapter 7 petition on August 16 listing only one creditor, the I.R.S. She has only nominal assets, and admittedly the sole purpose of this bankruptcy is to contest the debtor's liability for a $235,981 tax deficiency and fraud penalty of her estranged husband, Hugo Diez, M.D. The debtor claims to be an "innocent spouse" within the provisions of 26 U.S.C. § 6013(e). The debtor failed to avail herself of the opportunity to contest this liability in the tax court. In order to contest this liability in the district court, she must first pay the tax under protest.

Instead, she filed this bankruptcy, and two months later she filed a claim for the I.R.S. in the amount stated above against herself in this case. On the same day, she filed an objection as noted above. The objection was heard on November 30.

Bankruptcy Rule 9014 specifies service in a matter such as this in accordance with B.R. 7004. That rule requires that service upon the United States be accomplished upon the Attorney General in Washington as well as upon the U.S. Attorney for the district in which the matter is pending. The debtor did not comply with this rule. Therefore, the I.R.S. has requested a three-month delay. The lack of sufficient service, of course, precludes any decision against the government today.

It is provided in 11 U.S.C. § 501(c) that:

"If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim."

The debtor filed a claim against herself for the I.R.S. under this provision. However, in this instance the debtor acted prematurely. The authority to file is conditioned on the creditor's failure to file a timely claim. All creditors are allowed at least ninety days after the first meeting of creditors. B.R. 3002(c). In this case, that deadline would have been December 24, 1984.

However, this was a no-asset case. Notice was given to all creditors under B.R. 2002(e) that it is unnecessary for any creditor to file a claim in this case, and if it subsequently appears that there are assets from which a dividend may be paid, creditors will be so notified and given an opportunity to file their claims. (C.P. No. 5.) No such notice has been given and no such

notice will ever be given in this case. Therefore, the debtor was not authorized to file the claim which is in issue here and there is no requirement that a claim ever be filed in this case. B.R. 3002(c)(5).

■ The purpose of § 501(c) is to let the debtor or trustee insist that a creditor holding a non-dischargeable claim participate in the distribution of the debtor's estate in order that the non-dischargeable claim will be reduced to the extent that payments are received. *In re Higgins*, 29 B.R. 196, 199 (Bkrtcy.N.D. Iowa 1983); *Collier on Bankruptcy* ¶ 501.03 (15th ed.). Although this may not be the only purpose for which § 501(c) was intended, there is no indication in the legislative design or history that it was intended to provide an alternative forum for the resolution of disputed claims. I hold that § 501(c) cannot be used solely for that purpose as is attempted here.

■ Without any question, this court *may* determine the amount or legality of any tax, any fine or penalty relating to a tax, with certain exceptions not pertinent here. § 505(a)(1). However, the history of this proviso makes it clear that its purpose was to afford a forum for the ready determination of the legality or amount of tax claims, which determination, if left to other proceedings, might delay conclusion of the administration of the bankruptcy estate. *Cohen v. United States*, 115 F.2d 505 (1st Cir.1940); *Collier on Bankruptcy* ¶ 505.01 n. 1 (15th ed.). That purpose has no application in this no-asset case involving no parties other than the debtor and the I.R.S.

■ This court may and should abstain from hearing the controversy where no bankruptcy purpose is served which would outweigh the importance of uniformity of assessment. *Id.* ¶ 505.04 [1] n. 5. For the foregoing reasons, this court abstains from hearing the issue between the debtor and the I.R.S. with respect to the tax liability identified above. 28 U.S.C. § 1334(c)(1).