In re Stanley KAUFMAN, Debtor.

Stanley KAUFMAN, Plaintiff,

v.

UNITED STATES of America, Defendant.

Bankruptcy No. 89–26471–BKC–SMW. Adv. No. 90–0184–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

June 11, 1990.

Michael E. Greene, Coral Springs, Fla., for plaintiff.

Jose F. de Leon, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM DECISION AND ORDER

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came on before the Court on May 30, 1990, upon the Complaint to Determine Tax Liability filed by the Debtor, Stanley Kaufman, and upon the Motion for Abstention filed by the Defendant, United States of America. For the following reasons, the Court abstains from hearing this adversary proceeding and determining the Debtor's tax liabilities.

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code (11 U.S.C.) on December 8, 1989. See *In re Kaufman,* Case No. 89–26471–BKC–SMW (S.D.Fla.) The notice for the meeting of creditors mailed by the Clerk's office provided that

this was a no asset case and that no claims were to be filed. The United States of America did not file a claim in this case. The Debtor received a discharge on April 10, 1990. On April 20, 1990, the Trustee filed a report of no distribution from the estate.

On April 12, 1990, the Debtor commenced this adversary proceeding by filing a Complaint to Determine Tax Liability. The Debtor seeks to have the Court determine, pursuant to the provisions of 11 U.S.C. § 505, certain tax liabilities assessed against him by the United States. These liabilities consist of two penalties assessed pursuant to the provisions of Section 6672 of the Internal Revenue Code (26 U.S.C.) and income tax liabilities for the years 1983 and 1984. The United States has asked the Court to abstain from determining the Debtor's tax liabilities.

Section 505 of the Bankruptcy Code provides that a bankruptcy court "may determine the amount or legality of any tax, any fine or penalty relating to a tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction." The history of Section 505 "makes it clear that its purpose was to afford a forum for the ready determination of the legality or amount of tax claims, which determination, if left to other proceedings, might delay conclusion of the bankruptcy estate." *In re Diez*, 45 B.R. 137, 139 (Bankr.S.D.Fla. 1984).

In *Diez*, Judge Thomas C. Britton abstained from determining a debtor's tax liabilities in a "no-asset case involving no other parties other than the debtor and the I.R.S. * * * where no bankruptcy purpose is served which would outweigh the importance of uniformity of assessment." *Id.* The Debtor argues that this case is distinguishable from *Diez* because there are other creditors other than the United States involved in this proceeding. This distinction is not significant. Regardless of the number of creditors present in this case, the facts are that no bankruptcy purpose will be served by a determination of the Debtor's tax liabilities since no distribution will be made to the United States from the Debtor's estate.

The Court previously abstained from determining a debtor's tax liabilities in *In re Barabas*, Case No. 82–00805–BKC–SMW (S.D.Fla.) In *Barabas*, the debtors filed on behalf of the United States a proof of claim for a penalty assessed pursuant to Section 6672 of the Internal Revenue Code. The trustee objected to the claim. The claim was subsequently allowed as a late filed claim subordinate to all other timely filed claims. The debtors then sought a determination of their tax liabilities pursuant to Section 505. The Court noted that after a distribution to the timely filed claim there would not have been any funds in the estate for distribution to the United States and abstained from determining the tax liabilities, despite the presence of other creditors in the proceeding, because no bankruptcy purpose would have been served by such determination since no distribution would have been made from the debtors' estate to the United States.

A determination of the Debtor's tax liabilities by this Court would not have any effect in the administration of this bankruptcy case. The Debtor can seek such determination in any other appropriate forum without involving this Court in a determination that will serve no bankruptcy purpose. The Court will abstain from determining the Debtor's tax liabilities.

For the foregoing reasons, it is hereby ORDERED AND ADJUDGED as follows:

1. Defendant's Motion for Abstention is GRANTED; and

2. Debtor's Complaint to Determine Tax Liability is DISMISSED without prejudice.

DONE AND ORDERED.