In re Stephen Lewis SMITH, Debtor.

Stephen Lewis SMITH, Plaintiff,

v.

UNITED STATES of America, acting By and Through the INTERNAL REVENUE SERVICE OF the DEPARTMENT OF the TREASURY, Defendant.

Bankruptcy No. 89–1190–8P7.
Adv. No. 90–392.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 9, 1990.

J. Montjoy Trimble, Lexington, Ky., Richard Mars, Bartow, Fla., for plaintiff.

Steven Nisbet, Trial Atty., Dept. of Justice, Washington, D.C., for defendant U.S. Atty.

### ORDER ON MOTION FOR ABSTENTION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 liquidation case and the matter under consideration is a Motion To Abstain in the above-captioned adversary proceeding, filed by the United States of America (Government) on behalf of the Internal Revenue Service (IRS). In order to place the issue raised by the Government in proper focus, it should be helpful to recap briefly the procedural background of this Chapter 7 case.

On February 24, 1989, Stephen Lewis Smith (Debtor) filed his voluntary Petition for Relief under Chapter 7 of the Bank-

ruptcy Code. The Schedule of Liabilities included an indebtedness of the Debtor to the Government which was scheduled as "unknown."

On June 16, 1989, the IRS filed a Proof of Claim in the amount of $10,900,490.08. The claim is based on a deficiency assessment by the IRS after an audit of the income tax return filed by the Debtor and his wife for the tax year of 1986, and on an estimated income tax liability of both of them for the tax year of 1987. The amount stated for this tax year was an estimate only because at the time the IRS filed the Proof of Claim, no tax return was filed by the Debtor and his wife for 1987. On September 26, 1989, the IRS mailed a notice of deficiency (90–day letter) to the Debtor and to his wife informing them of their income tax liability for the years of 1986 and 1987, respectively, based on a deficiency amount as a result of an audit of the returns filed and on the estimate.

On December 26, 1989, or prior to the expiration of the 90 days, the Debtor filed a Petition in the United States Tax Court, contesting assessment of the additional income tax liability asserted by the IRS for both years. On the next day, December 27, 1989, Heather M. Smith, the Debtor's wife, also filed her Petition in the Tax Court contesting her liability for the income taxes for the years in question. In March 1990, the Debtor and his wife agreed that the Tax Court should consolidate their respective Petitions, and their Petitions were in fact consolidated by the Tax Court.

On February 8, 1990, or after he filed his Petition in the Tax Court, the Debtor filed an Objection to the claim filed by the IRS. On February 16, 1990, Heather M. Smith filed a Motion To Intervene in her husband's Objection to the claim of the IRS. On May 4, 1990, the Government filed a Motion To Dismiss [sic] the Debtor's Objection to the claim filed by the IRS. The Motion To Dismiss, which was obviously meant to be a Motion to overrule the Objection, was based on the Government's contention that the Debtor has no standing to object to the claim filed by the IRS since there will not be any surplus in his estate to which he would be entitled to recover under the scheme of distribution in a Chapter 7 case established by § 726(a)(6) of the Bankruptcy Code. On May 10, 1990, this Court denied the Motion To Intervene filed by Heather M. Smith, and on June 5, 1990, this Court, treating the Government's Motion To Dismiss as a Motion To Overrule the Objection, granted the same, having concluded that the Debtor has no standing to challenge the allowability of the claim filed by the IRS. In the interim, the Debtor, who plead guilty to several state criminal charges, was sentenced and is currently incarcerated, and for reasons not explained, agreed to waive his right to a discharge.

On March 20, 1990, the Debtor filed this adversary proceeding styled, Stephen Lewis Smith v. Commissioner of the Internal Revenue Service and Terry E. Smith, Trustee, Adversary Proceeding No. 90–148. In his Complaint, the Debtor sought a determination by this Court pursuant to § 505 of the Bankruptcy Code of his liability for taxes for the tax years of 1986 and 1987, respectively. Both the Commissioner and the Trustee promptly moved to dismiss the Complaint. On July 23, 1990, the Court granted the Motion on the ground that the Debtor had no viable claim against the Commissioner or against the Trustee. The Order granting the Motion dismissed the Complaint without prejudice with leave granted to the Debtor to file an Amended Complaint. The Debtor did refile an Amended Complaint naming only the United States as Defendant. This is the present adversary proceeding (Adversary Proceeding No. 90–392) as to which the Motion To Abstain under consideration filed by the Government is directed.

It should be noted at the outset that the Motion To Abstain is not based on 28 U.S.C. § 1334(c)(1) or (2) for the obvious reasons that the issues involved in the Complaint filed by the Debtor are not based on state law, but on a specific provision of the Bankruptcy Code, i.e., § 505 which provides:

§ 505. Determination of tax liability

(a)(1) Except as provided in paragraph (2) of this subsection, the court may de-

termine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

In support of its Motion To Abstain, the Government relies on the proposition that subclause (a) of § 505 is merely permissive, therefore the Bankruptcy Court may use its discretion and decline to exercise the jurisdiction for "cause." The "cause" in the present instance as established by the undisputed facts of this case, according to the Government, is as follows:

First, the Debtor and his wife themselves filed a Petition in the Tax Court and are seeking a determination of their tax liability for the very same tax years which the Debtor attempts to obtain a determination in this Court. Second, Heather M. Smith is not a debtor and, therefore, this Court is without jurisdiction to determine her liability for taxes for the years in question. *In re McAuley*, 86 B.R. 695 (Bankr.M.D.Fla. 1988), *rev'd* 101 B.R. 306 (M.D.Fla.1989). Moreover, so contends the Government, since her tax liability is inseparable from the tax liability, if any, of the Debtor, there is a real possibility that if this Court retains this adversary proceeding, there might be inconsistent results, that is, one by this Court holding that the Debtor is, in fact, indebted to the Government for income taxes for the years in question, and another by the Tax Court concluding that the Debtor's wife is not indebted for the very same taxes. This is so because Heather M. Smith has without doubt the absolute right to prosecute her Petition in the Tax Court, even if the Debtor's tax liability has already been established by this Court.

■ Before considering these propositions urged by the Government, specifically, it should be noted at the outset that this Court is unwilling to accept the general proposition urged by the Government that the use of the term "may" in subclause (a) of § 505 indicates a Congressional intent that this clause merely permits this Court

to determine tax liability but is not a grant of power and certainly not a mandate to do so. To the contrary, this Court is satisfied that this clause is a grant of power to determine tax liability and not merely a permissive option to do so. Accordingly, the bankruptcy court may not abstain from exercising jurisdiction of a Motion filed pursuant to § 505 unless the interest of the creditors and the Debtors would be served by abstention. *In re Cooper Properties Liquidating Trust, Inc.*, 61 B.R. 531, 535 (Bankr.W.D.Tenn.1986). This conclusion is supported by subclause (b) of the Section which sets forth specific limitations on the grant set forth in subclause (a) of the Section. However, this conclusion does not prevent this Court to abstain from this adversary proceeding but on a totally different ground. In the last analysis, if the impact of abstention on the general administration of the estate of this Chapter 7 Debtor, and, of course, on the Debtor is minimal or non-existent, abstention may be appropriate.

■ Considering this similar question, the bankruptcy court in the case of *In re Diez*, 45 B.R. 137 (Bkrtcy.S.D.Fla.1984), held that the bankruptcy court not only may, but must, abstain from hearing a controversy in which no bankruptcy purpose would be served. Thus if the non-abstention would outweigh the importance of a uniform determination of the tax liability of a Debtor and a non-Debtor it is appropriate to favor non-abstention. In *Diez* the Debtor filed a proof of claim on behalf of the Internal Revenue Service (IRS) who did not file a proof of claim, and then filed an objection to the same. In *Diez*, the Bankruptcy Court, having found that the case was a no-asset case, concluded that the statutory grant to resolve the tax controversies by § 505(a)(1) has no application to no-asset cases which involve parties other than the Debtor and the IRS.

■ This Court is not inclined to accept this broad and sweeping statement and is satisfied the § 505 applies across the board and is applicable in all operating chapters of the Bankruptcy Code by virtue of § 103(a) whether or not the case is an asset

or a no asset case. Nevertheless, it is clear that the Court still must consider the impact of the abstention first on the general administration of the estate and, second, the impact on the Debtors.

In support of its Motion, the Government relies on the case of *In re Hunt*, 95 B.R. 442 (Bkrtcy.N.D.Tex.1989), a case which discussed the possible "whipsaw" effect on the Government if the Bankruptcy Court does not abstain. In *Hunt* the Court held that it would be appropriate to defer to the Tax Court the determination of the Debtor's tax liability, because two inconsistent results could occur absent abstention.

■ This Court is not persuaded that this proposition is sound and should be accepted. First, it is true that Heather Smith would have the right to proceed in the Tax Court regardless of what determination is made in this Court of the Debtor's liability for taxes. However, it is now established that she would be collaterally estopped and would not be permitted to urge in the Tax Court a result different than what has been established in this Court unless able to meet the "innocent spouse" defense, § 6013(e) of the Internal Revenue Code. As stated in the case of *McQuade v. Commissioner of Internal Revenue*, 84 U.S.Tax Ct.Rpts. 137 (1985), by the Special Trial Judge:

> The Bankruptcy Code, Pub.L. 95–598, 92 Stat. 2582, 11 U.S.C. § 505(a)(1) (1982 ed.), authorizes a bankruptcy court to "determine the amount or legality of any tax." This Court in *Comas, Inc. v. Commissioner*, 23 T.C. 8, 12 (1954), has concluded that "Congress intended that once a bankruptcy court allowed a deficiency for which claim was filed and that court's action became final, the amount and validity of the deficiency was not thereafter to be the subject of a consideration by the Tax Court."

While the fact pattern in *Hunt* is markedly different from the fact pattern in this case, this Court is still satisfied that it is appropriate to grant the abstention and defer ruling to the tax court for the following reasons:

First, as noted earlier, the Debtor and his wife themselves have now pending before the tax court, Petitions seeking a determination of their tax liability. Second, in the present instance, there are no funds available which could be distributed as surplus to the Debtor under the scheme of distribution provided under § 726 of the Bankruptcy Code. Third, in the present instance, the Debtor waived his right to a discharge, therefore, any determination by this Court could not provide any material benefit to the Debtor, and any favorable ruling by this Court would not assist him to have a fresh start in life.

In this case, the Government filed a tax claim for $10,900,490.08. It is intimated that the Trustee will file a Motion To Compromise this tax claim which would allow the Government's tax claim, albeit in the drastically reduced amount of slightly over $1,000,000.00. The Trustee is apparently unwilling to litigate with the Government and, therefore, wants to compromise the claim of the Government. It is evident that if the tax claim of the Government is allowed even in the reduced amount and paid as a priority claim and the Debtor's tax liability is later on determined to be nil by the Tax Court, a payment of the claim of the Government pursuant to the compromise would seriously impact the interests of the general unsecured creditors and produce a legally unacceptable result. For this reason, while this Court is satisfied that this Court should not entertain this adversary proceeding, it is clear that until the ultimate liability of the Debtor is legally determined in the Tax Court, this Court should not act on a Motion to Approve a Compromise of the Government's claim, assuming one will be filed.

■ This leaves for consideration the appropriate procedure for the disposal of the Motion to Abstain. Bankruptcy Rule 5011 provides that while this Court may initially hear a Motion To Abstain, it may not enter a final dispositive order and its power is limited to making findings, conclusions and recommendations on the Motion to be ultimately considered by the District Court. In spite of the seemingly clear language of

this Rule, this Court is satisfied that while the disposition of a traditional Motion To Abstain filed pursuant to 28 U.S.C. § 1334(c)(1) or (c)(2) is governed by Bankruptcy Rule 5011, the Motion for Abstention under consideration is not the ordinary request to abstain but merely a request to defer the determination of the tax liability of this Debtor and of his non-debtor wife to the Tax Court. Thus, it is not necessary to comply with Bankruptcy Rule 5011.

Based on the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion To Abstain filed by the United States of America, treated as a Motion To Defer and To Stay Proceeding be, and the same is hereby, granted, and the Complaint filed by the Debtor be, and the same is hereby, dismissed without determining the ultimate merits of the issues raised. It is further

ORDERED, ADJUDGED AND DECREED that after the Tax Court has determined the liability *vel non* of this Debtor, this Court will enter an appropriate order concerning the claim filed in this Chapter 7 case by the United States of America.

DONE AND ORDERED.