**In re AMERICAN MOTOR CLUB, INC., Debtor.**

**Bankruptcy No. 887–70763–260.**

United States Bankruptcy Court, E.D. New York.

April 29, 1992.

Rosner & Goodman by Marianne F. Murray, New York City, for Nicholas Neu.

Phillips, Nizer, Benjamin, Krim & Ballon by Louis A. Scarcella, Garden City, N.Y., for debtor.

Philip Irwin Aaron, P.C. by Philip Irwin Aaron, Jules A. Epstein, Syosset, N.Y., for Creditors' Committee.

DECISION ON MOTION TO DETERMINE THE TAX LIABILITY OWED BY AMERICAN MOTOR CLUB, INC. AND AUTHORIZING THE PAYMENT OF SUCH TAX LIABILITY BY THE DEBTOR–IN–POSSESSION

CONRAD B. DUBERSTEIN, Chief Judge.

This matter comes before the Court on the Motion of Nicholas Neu ("Neu") for an order pursuant to section 505 of the Bankruptcy Code to determine the tax liability owed by American Motor Club, Inc., the debtor and debtor in possession (the "Debtor" or "AMC") to the Internal Revenue Service (the "IRS") which had been assessed against Neu in his capacity as a director of the Debtor, as a person responsible for the payment of the debtor's withholding taxes, and authorizing the payment by the Debtor-in-Possession of such tax liability to the IRS. After a hearing and for the reasons stated below, Neu's motion is denied.

FACTS

The Debtor, a New York corporation, was in the business of selling automobile pre-paid collision service contracts to New York residents. A decision of the Supreme Court, State of New York, New York County, dated January 14, 1987, against AMC, held that the contracts constituted an illegal insurance business. By Order and Judgment dated April 18, 1987, AMC was permanently enjoined from engaging in the business of repairing or compensating consumers for motor vehicles damaged as a result of accident or theft, and was assessed a penalty of $5,001,000.00 for its violation of New York State Insurance Law. Shortly thereafter, on May 19, 1987, AMC filed the within petition for relief under Chapter 11 of the Bankruptcy Code.

The stock of AMC is owned by British Management Company, Ltd. ("BIM"), a corporation organized and existing under the laws of the Turks and Calicos Islands. Prior to the filing of the bankruptcy petition, John Senise, Marie Neu and the aforementioned Nicholas Neu were directors of AMC.

On March 20, 1991, Neu received from the IRS a proposed assessment declaring him a responsible person under § 6672 of the Internal Revenue Code (the "IRC") and possibly liable in the amount of $40,364.02 for AMC's failure to pay payroll withholding taxes for the tax period ending March 31, 1987. Thereafter, on August 19, 1991, Neu received notice that he had been assessed a 100% penalty equal to the amount of the unpaid payroll withholding taxes. Neu claims that he commenced the appropriate appeal process before the IRS pursuant to § 6672 by paying the requisite portion of the tax and requesting a refund of the amount paid and an abatement as to the remainder. Although Neu filed the administrative appeal, he did not have sufficient funds to post the necessary bond to stay any enforcement pending the IRS determination of his appeal.

On September 13, 1991, Neu received from the IRS a Notice of Intent to Levy to satisfy the tax assessment against him,

which permits the IRS to immediately commence the seizure of Neu's property to satisfy the assessment.

On October 16, 1991, Neu filed the instant motion for an order pursuant to section 505 of the Bankruptcy Code to determine the tax liability owed by the Debtor to the IRS which had been assessed against him and authorizing the Debtor to pay such tax liability to the IRS. In his motion, Neu alleges that he will suffer an extreme hardship if the claim is not authorized to be paid immediately. Furthermore, Neu claims that the Debtor is the actual party responsible for the tax assessment, it has sufficient funds to make the payment, and it anticipates that it will do so upon confirmation of a plan in this Chapter 11 reorganization. It is to be noted that early in this case, it became apparent that none of the officers of the Debtor were continuing on in the operations of the Debtor's affairs. Consequently, an Order was entered by this Court, whereby, the Official Committee of Unsecured Creditors (the "Committee") was substituted as the party plaintiff or defendant in all pending litigation concerning the Debtor and was authorized and empowered to prosecute, defend, compromise or settle, release or abandon any claim or cause of action asserted or assertable by or against the Debtor. The Committee, by its counsel, has proceeded with the ongoing liquidation of the Debtor in this Chapter 11 case in lieu of converting it to a case under Chapter 7. In response to the within motion, by reason of the foregoing, the Debtor's counsel, Phillips, Nizer, Benjamin, Krim & Ballon, Esqs., state that they are unable to take a position on the motion. However, Debtor's counsel requests that the Court defer any payment of the IRS tax claim, as the Debtor's estate may have rights in the claim which it has not yet had the opportunity to assert.[1] The Committee filed an affirmation in opposition to Neu's motion asserting that it was Neu, as a principal of the Debtor, who caused the Debtor to fail to pay the taxes on behalf of the Debtor prior to the filing of the petition in bankruptcy. The Committee therefore concludes that, Neu's failure to properly fulfill his obligations as a fiduciary and pay these pre-petition withholding taxes should not be revisited against the Debtor.

## DISCUSSION

■ Section 505(a) of the Bankruptcy Code grants authority to the bankruptcy court to determine the amount or legality of "any tax, any fine or penalty relating to a tax, or any addition to tax," as long as the amount or legality of the tax has not been contested or adjudicated by a "judicial or administrative tribunal of competent jurisdiction" before the filing of the bankruptcy petition. 11 U.S.C. § 505(a). This Court is therefore precluded from reviewing any determination of a debtor's tax liability where that liability has already been contested or adjudicated. *In re Galvano*, 116 B.R. 367, 371–72 (Bankr.E.D.N.Y.1990); *In re Kaufman*, 115 B.R. 378, 379 (Bankr. S.D.Fla.1990); *In re Northwest Beverage, Inc.*, 46 B.R. 631, 635 (Bankr.N.D.Ill.1985) (citing *Arkansas Corp. Comm'n v. Thompson*, 313 U.S. 132, 142, 61 S.Ct. 888, 891, 85 L.Ed. 1244 (1941)).

■ Section 505(a) specifies that "the court *may* determine the amount or legality of any tax...." 11 U.S.C. § 505(a)(1)[2] (emphasis added). This language indicates that the Bankruptcy Court's authority to

---

**1.** In the Debtor's responsive papers submitted by Phillips, Nizer, Benjamin, Krim & Ballon, Esqs., on behalf of the Debtor, they suggest that the Debtor might exercise its right to object to the validity of the tax loss penalty claim or to equitably subordinate such claim pursuant to § 510(c)(1) of the Bankruptcy Code, if in the future the Debtor were to resume the governance of this case.

**2.** Section 505(a) allows a review of "any tax." 11 U.S.C. § 505(a). As a result, both state and federal tax liabilities may be reviewed, provided that the review complies with the language of § 505(a)(2). Thus, for example, Bankruptcy Courts have reviewed assessments of state Retailers' Occupation Taxes (*In re Northwest Beverage, Inc.*, 46 B.R. 631 (Bankr.N.D.Ill.1985)), state real property taxes (*In re Lipetzky*, 64 B.R. 431 (Bankr.D.Mont.1986)), city ad valorem taxes (*In re Electronic Theatre Restaurants, Inc.*, 85 B.R. 45 (Bankr.N.D.Ohio 1988)), and federal income taxes (*In re Dolard*, 519 F.2d 282 (9th Cir.1975)).

determine a debtor's tax liability is discretionary. Accordingly, the Court may decline to review a debtor's tax liability and refer the debtor's motion for determination to the Tax Court.

■ There are a number of factors which may be considered by a court when deciding whether to undertake a § 505 review. *Galvano*, 116 B.R. at 372. These factors include the complexity of the tax issues to be decided, the need to administer the bankruptcy case in an orderly and efficient manner, the burden on the Bankruptcy Court's docket, the length of time required for trial and decision, the asset and liability structure of the debtor, and the prejudice to the debtor and potential prejudice to the taxing authority. *Id.; In re Hunt*, 95 B.R. 442, 445 (Bankr.N.D.Tex. 1989).

The legislative intent behind § 505 was "to afford a forum for the ready determination of the legality or amount of tax claims, which determination, if left to other proceedings, might delay conclusion of the bankruptcy estate." *Kaufman*, 115 B.R. at 379 (quoting *In re Diez*, 45 B.R. 137, 139 (Bankr.S.D.Fla.1984)). In enacting § 505, Congress was concerned with protecting creditors from the dissipation of an estate's assets which could result if creditors were bound by a tax judgment which the debtor, due to its ailing financial condition, failed to contest. *In re Fiedel Country Day Sch.*, 55 B.R. 229, 231 (Bankr.E.D.N.Y. 1985); *Northwest Beverage*, 46 B.R. at 631.

■ Therefore, the Bankruptcy Court must abstain from determining a debtor's tax liability in which the interest of the creditors and the debtor would not be served. *In re Smith*, 122 B.R. 130, 133 (Bankr.M.D.Fla.1990); *In re Cooper Properties Liquidating Trust, Inc.*, 61 B.R. 531, 535 (Bankr.W.D.Tenn.1986). "This conclusion is supported by subclause (b) of § 505 which sets forth specific limitations on the grant set forth in subclause (a) of the section." [3] *Smith*, 122 B.R. at 133. In addition, this conclusion does not prevent this Court from abstaining from the motion on a different ground. For example, "if the impact of abstention on the general administration of the estate of this Chapter [11] Debtor, and, of course, on the Debtor, is minimal or non-existent, abstention may be appropriate." *Id.*

In order to more clearly evaluate the issue of whether a § 505 review is warranted, this Court must analyze the IRS's taxing procedure. Pursuant to the Internal Revenue Code, employers are required to withhold from their employees' pay checks money representing the employees' personal income taxes [4] and social security taxes.[5] The employer holds these funds in trust for the United States.[6] These funds are commonly referred to as "trust fund taxes." If the employer fails to pay over the trust fund taxes, the IRS may collect an equivalent amount directly from officers or employees of the employer who are responsible for collecting the tax. *United States v. Energy Resources Co.*, 495 U.S. 545, 110 S.Ct. 2139, 109 L.Ed.2d 580 (1990); *In re*

**3.** Section 505(b) states in pertinent part:

A trustee may request a determination of any unpaid liability of the estate for any tax incurred during the administration of the case by submitting a tax return for such tax and a request for such a determination to the governmental unit charged with responsibility for collection or determination of such tax. Unless such return is fraudulent, or contains a material misrepresentation, the trustee, the debtor, and any successor to the debtor are discharged from any liability for such tax—

(1) upon payment of the tax shown on such return, if—

(A) such governmental unit does not notify the trustee, within 60 days after such request, that such return has been selected for examination; or

(B) such governmental unit does not complete such an examination and notify the trustee of any tax due, within 180 days after such request or within such additional time as the court, for cause, permits;

(2) upon payment of the tax determined by the court, after notice and a hearing, after completion by such governmental unit of such examination; or

(3) upon payment of the tax determined by such governmental unit to be due....

11 U.S.C. § 505(b).

**4.** 26 U.S.C. § 3102(a).

**5.** 26 U.S.C. § 3402(a).

**6.** 26 U.S.C. § 7501(a).

*Pippinger,* 117 B.R. 756, 758–59 (Bankr. M.D.Ga.1990). Section 6672(a) of the Internal Revenue Code provides:

(a) General rule. Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 or part II of subchapter A of chapter 68 for any offense to which this section is applicable.

26 U.S.C. § 6672(a).

Section 6672(a) was designed as a collection device to be utilized against the employer. *United States v. Rowe,* 1989 WL 163860, at *4 (N.D.Ga. Sept. 23, 1989). This is accomplished by subjecting the employer's officers responsible for the decisions regarding withholding taxes and payments to civil and criminal penalties for the employer's delinquency. *Slodov v. United States,* 436 U.S. 238, 247, 98 S.Ct. 1778, 1785, 56 L.Ed.2d 251 (1978); *United States v. Huckabee Auto Co.,* 783 F.2d 1546, 1548 (11th Cir.1986); *Pippinger,* 117 B.R. at 759. Therefore, § 6672 imposes liability only upon a "responsible person," who has willfully failed to collect, account for, or pay over the withholding taxes. *Quattrone Accountants, Inc. v. I.R.S.,* 895 F.2d 921, 927 (3rd Cir.1990); *Thibodeau v. United States,* 828 F.2d 1499, 1503 (11th Cir. 1987); *George v. United States,* 819 F.2d 1008, 1011 (11th Cir.1987).

Pursuant to § 6671(b), a responsible person is defined as "an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs." 26 U.S.C. § 6671(b). In *Thibodeau v. United States,* the United States Court of Appeals for the Eleventh Circuit stated:

A responsible person within the meaning of § 6672 includes an officer or employee of a corporation who is under a duty to collect, account for, or pay over the withheld tax. Responsibility is a "matter of status, duty and authority, not knowledge." Indicia of responsibility includes the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees. It is undisputed that more than one person may be a responsible officer of the corporation under § 6672 (citations omitted).

*Thibodeau,* 828 F.2d at 1503.

■ A person is responsible if he has a significant control over the employer's finances or has a significant word over which bills or creditors get paid. *In re Quattrone Accountants, Inc.,* 100 B.R. 235, 239 (Bankr.W.D.Pa.1989), *aff'd,* 895 F.2d 921 (3d Cir.1990);[7] *see also United States v. Vespe,* 868 F.2d 1328, 1332 (3d Cir.1989); *Commonwealth Nat'l Bank of Dallas v. United States,* 665 F.2d 743, 749 (5th Cir.1982).

In the case before this Court, the evidence indicates that Nicholas Neu had such control over the finances of the Debtor. Neu is a former officer and director of the Debtor and therefore is considered a responsible person pursuant to § 6672. As Justice Asch of the Supreme Court, State of New York, Appellate Division, found in

---

**7.** The Bankruptcy Court considered a number of factors to decide whether the movant was a responsible person under § 6672 including:
(1) the ability to sign checks;
(2) the identity of the individuals who signed the company's tax returns;
(3) the identity of individuals who were in control of the company's financial affairs;
(4) the identity of individuals who hired and fired employees;
(5) the identity of officers, directors, and shareholders;
(6) the individual's entrepreneurial stake in the company.
*Quattrone Accountants,* 100 B.R. at 239 (citing *George v. United States,* 819 F.2d 1008, 1011 (11th Cir.1987).

*State of New York v. American Motor Club, Inc. and Nicholas Neu*, 179 A.D.2d 277, 285, 582 N.Y.S.2d 688, 693 (1992), Neu "was intimately involved in AMC operations between March 1985 and March 1987." Furthermore, the movant does not contest that he is a responsible person.

In *Thibodeau*, the Circuit Court additionally stated:

> Once it is established that a taxpayer is a responsible person, the burden of proving lack of willfulness is on the taxpayer (citation omitted). The former Fifth Circuit defined "willfully" as "meaning, in general, a voluntary, conscious and intentional act" (citation omitted). The willfulness requirement is met if there is evidence that the responsible officer had knowledge of payments to other creditors after he was aware of the failure to remit the withheld taxes (citation omitted). The willfulness requirement is also met if the responsible officer shows a "reckless disregard of a known or obvious risk that trust funds may not be remitted to the government...." Irrespective of whether a responsible person disburses the withheld taxes to a creditor other than the government before or after the due date, the behavior is considered willful. *Newsome [v. United States]*, 431 F.2d [742,] 745 [ (5th Cir. 1970).] In *Newsome*, the court stated:
>
>> In many of these cases, a responsible officer's "willfulness" is established by the knowing preference of other corporate creditors over the United States after the due date for the corporation to remit the withheld taxes. However, liability under section 6672 can also be premised upon use of withheld funds for other corporate purposes before the date for the corporation to pay over the funds.
>
>> .   .   .   .   .
>
> The responsible officer's actions before the due date for payment of the withheld taxes satisfies the "willfulness" requirement under section 6672: when the responsible officer ... knows that the withheld funds are being used for other corporate purposes, regardless of his expectation that sufficient funds will be on hand on the due date for payment over to the government. Of course, the officer is only liable under section 6672 if the corporation does not pay over the withheld taxes at the date prescribed in the regulations. However, he subjects himself to liability under 6672 when he voluntarily and consciously "risks" the withheld taxes in the operation of the corporation, and subsequently the corporation is unable to remit the withheld taxes (citations omitted).

*Thibodeau*, 828 F.2d at 1505–06.

■ Accordingly, a responsible person who had knowledge of payments to creditors other than the government, or showed a reckless disregard of an obvious risk that the taxes would not be paid, is deemed to have willfully failed to truthfully account for and pay over taxes and is therefore liable under § 6672. *Quattrone*, 100 B.R. at 240. As an officer and director of the Debtor, Neu is charged with such knowledge. In addition, his failure to perform his fiduciary responsibilities to the Debtor was a direct cause of the resulting IRS penalties.

■ This Court is persuaded that the movant has not demonstrated a lack of willfulness, and therefore, we find that the movant is a responsible person liable for the Debtor's failure to pay the trust fund taxes pursuant to 28 U.S.C. § 6672.

■ In the motion brought before this Court, Neu seeks an order pursuant to § 505 of the Bankruptcy Code, fixing a tax liability owed by the Debtor to the IRS. However, the fact that the movant is a responsible person pursuant to 28 U.S.C. § 6672, and therefore personally liable to the IRS for a 100% tax penalty if the taxes are not paid, in actuality makes this a motion seeking a determination of Neu's tax liability. What the movant now seeks is not a determination of the Debtor's tax liability, but rather the tax liability of himself, personally. *In re S & S 31 Flavors,*

*Inc.*, 118 B.R. 202, 204 (Bankr.E.D.N.Y. 1990).

Section 505(a) provides that a bankruptcy court, under certain circumstances not present here, may determine the amount of "any tax ... or penalty." However, an issue arises as to whether Congress intended the bankruptcy court to determine the tax liabilities of non-debtors. Despite § 505's broad language, "virtually all the courts which have considered the issue most recently concluded that § 505(a) does not extend the bankruptcy court's jurisdiction to parties other than the debtor." *In re Brandt–Airflex Corp.*, 843 F.2d 90, 95 (2d Cir.1988).

This Court notes that in some particular situations a literal reading of § 505 may incur absurd results. "[T]aken at face value, without recourse to the legislative history, § 505 makes the Bankruptcy Courts a second tax court system, empowering the Bankruptcy Courts to consider 'any' tax whatsoever on whomsoever imposed." *Id.* at 96 (quoting *In re Interstate Motor Freight Sys.*, 62 B.R. 805, 809 (Bankr. W.D.Mich.1986)).

The legislative history of § 505 makes it clear that the section was intended solely to "permit determination by the bankruptcy court of any unpaid tax liability of the debtor." *Id.* (quoting S.Rep. No. 989, 95th Cong., 2d Sess. 67, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5853; H.R.Rep. No. 595, 95th Cong., 2d Sess. 356, *reprinted in* 1978 U.S.C.C.A.N. 5963, 6312).

Moreover, as the Ninth Circuit stated in *American Principals Leasing Corp. v. United States*, 904 F.2d 477 (9th Cir.1990):

> Section 505's location in Subchapter I of Chapter 5 of the [B]ankruptcy [C]ode supports this conclusion. Chapter 5 concerns, as its title indicates, "Creditors, the Debtor, and the Estate." Subchapter I concerns, as its title indicates, "Creditors and Claims." Section 501(a) specifies that only claims held by "creditors" may be filed in a bankruptcy case. Section 101(9) defines a creditor as one who has "a claim *against the debtor,*" "a claim *against the estate,*" or "a community claim." 11 U.S.C. § 101(9)(A), (B),

(C) (emphasis added). This indicates that in section 505 Congress intended to deal with tax liabilities only of the debtor. This conclusion is supported by section 505(c), which states that "[n]otwithstanding [the automatic stay provision of] section 362 of this title, after a determination by the court of *a tax under this section,* the governmental unit charged with responsibility for collection of *such tax* may assess *such tax against the estate, the debtor, or a successor to the debtor"* (emphasis added). We thus conclude that section 505 does not permit the bankruptcy court to determine the tax liabilities of the non-debtor partners. *Id.* at 481.

In addition, the history of § 505 "makes it clear that its purpose was to afford a forum for the ready determination of the legality or amount of tax claims, which determination, if left to other proceedings, might delay conclusion of the bankruptcy estate." *In re Diez*, 45 B.R. 137, 139 (Bankr.S.D.Fla.1984); *see also Kaufman*, 115 B.R. at 379 (abstention by the bankruptcy court was warranted where no purpose would be served by determining the debtor's federal tax liability); *Smith*, 122 B.R. at 133 (abstention from determining tax liability of debtor is appropriate where impact of abstention on general administration of the debtor's estate and on the debtor is minimal or nonexistent).

Accordingly, this Court finds that a determination as to the Debtor's tax liability pursuant to § 505 of the Bankruptcy Code is not warranted.

## CONCLUSIONS

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(E) as it is a core proceeding concerning an order to turn over property of the estate.

2. Nicholas Neu's motion to determine the tax liability owed by the Debtor pursuant to § 505 of the Bankruptcy Code is denied.

3. Nicholas Neu's motion authorizing the payment of the tax liability to the IRS is denied.

SUBMIT AN ORDER CONSISTENT WITH THIS OPINION.