**In re Bobby G. QUEEN.**

**Bobby G. QUEEN, dba Black Darth Coal Company, Plaintiff/Appellant,**

v.

**UNITED STATES of America, Defendant/Appellee.**

Bankruptcy No. 89–30131.
Civ. A. No. 3:90–1119.
Adv. No. 90–0074.

United States District Court,
S.D. West Virginia,
at Huntington.

Sept. 18, 1992.

Steven L. Miller, Miller & Reed, Cross Lanes, WV, for Bobby G. Queen.

Gary L. Call, Asst. U.S. Atty., Michael Carey, U.S. Atty., Charleston, WV, Gerard J. Mene, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S. James Peyton, IRS.

## MEMORANDUM OPINION AND ORDER

STAKER, District Judge.

The plaintiff below in the adversary proceeding in the Bankruptcy Court, and who is also the bankruptcy debtor, has appealed the dismissal of his complaint and amended complaint in that proceeding. He contends that the Bankruptcy Court erred by refusing to find that a penalty assessed against him by the Internal Revenue Service (hereinafter "IRS") pursuant to 26 U.S.C.A. § 6672(a) (West Supp.1992)[1] was discharged as a debt when he received his discharge from bankruptcy. Finding no error, this court affirms the rulings of the Bankruptcy Court.

### I.

Plaintiff-debtor filed his Chapter 7 petition for bankruptcy in this district in March, 1989. The trustee of the estate reported to the Bankruptcy Court in June of that same year that the estate had no assets for distribution to creditors. In November, 1989, the Bankruptcy Court granted plaintiff-debtor his discharge, 11 U.S.C.A. § 727 (West 1979 & Supp.1992), and thereafter the case was closed.

In May, 1990, plaintiff-debtor moved the Bankruptcy Court to reopen his case and to prohibit the IRS from levying his wages in its attempt to recover the aforementioned penalty assessment. The motion to reopen was granted and plaintiff-debtor filed a complaint and later an amended complaint wherein he challenged both the IRS' assessment against him of the § 6672(a) penalty and its attempt to collect this debt after he had received his bankruptcy discharge. Regarding the tax penalty (which had been assessed against plaintiff-debtor because he was an officer of a coal compa-

---

1. Section 6672(a) imposes a penalty on any officer of a corporation responsible for ensuring that the income taxes or FICA taxes withheld from the corporation's employees' payroll are paid to the United States government when the corporation fails to pay such taxes. The penalty is equal to the amount of such taxes not paid. *E.g., Moore v. United States,* 1987 Stand.Fed.Tax Rep. (CCH) ¶ 9248 (S.D.W.Va.1987).

ny which had failed to pay withholding taxes), he asked the Bankruptcy Court to rule that the IRS erred when it determined that he was a "responsible officer" of the coal company and thus subject to the § 6672(a) penalty. As for the IRS' attempt to collect the penalty assessment, plaintiff-debtor contended that because the IRS had failed to file a claim for the assessment in his bankruptcy case or to oppose his discharge of debts it could not thereafter seek to collect the same.

The United States (on behalf of the IRS) moved to dismiss the complaint for failure to state a claim. It argued that the § 6672(a) penalty is a debt which is excluded from being discharged, pursuant to 11 U.S.C.A. § 523(a)(1)(A) (West Supp.1992), and therefore was still enforceable. As for the correctness of the penalty assessment, the government argued that it was inappropriate for the Bankruptcy Court to resolve this issue in a previously closed case.

The Bankruptcy Court agreed with both of the government's contentions and granted the motion to dismiss. However, the dismissal of the issue of the validity of the penalty assessment was without prejudice so that the plaintiff-debtor could litigate it in a more appropriate forum.

## II.

The issues raised in this appeal are simply whether the Bankruptcy Court erred in its rulings that the debt in question was not discharged in plaintiff-debtor's bankruptcy and that it would abstain from ruling on the validity of the IRS' penalty assessment. The first ruling was on a matter of law and therefore is subject to *de novo* review. *In re McCauley*, 105 B.R. 315, 318 n. 1 (E.D.Va.1989). The second ruling involved an exercise of discretion by the Bankruptcy Court and will be set aside only for abuse of discretion. *In re Hawley Coal Mining Corp.*, 47 B.R. 392, 394 (S.D.W.Va.1984).

## III.

A discharge granted by a bankruptcy court in a Chapter 7 case relieves the debtor of all debts which arose before the order of discharge. 11 U.S.C.A. § 727(b) (West 1979). There are certain exceptions to such discharge which are set out in 11 U.S.C.A. § 523 (West 1979 & Supp.1992). The Bankruptcy Court found that the exception set out in § 523(a)(1)(A) precluded discharge of the § 6672(a) penalty assessed against plaintiff-debtor.

That section provides that:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(1) for a tax or a customs duty—

(A) of the kind and for the periods specified in section 507(a)(2) or 507(a)(7) of this title, whether or not a claim for such tax was filed or allowed....

*Id.* (West Supp.1992). Section 507 establishes the priorities of claims against a debtor. One such claim is "a tax [of a governmental unit] required to be collected or withheld and for which the debtor is liable in whatever capacity...." 11 U.S.C.A. § 507(a)(7)(C) (West Supp.1992). Consequently, if the IRS' § 6672(a) penalty assessment comes within the definition of § 507(a)(7)(C), it is excepted from the § 727(b) discharge.

■ Courts have uniformly held that the § 6672(a) penalty is such a nondischargeable debt. *E.g., In re Garrett*, 126 B.R. 486 (Bankr.E.D.Va.1991); *In re Matlock*, 104 B.R. 389 (Bankr.N.D.Okla.1989); *In re Madia*, 68 B.R. 11 (Bankr.N.J.1986); *In re Clark*, 64 B.R. 437 (Bankr.M.D.Fla.1986); *See United States v. Sotelo*, 436 U.S. 268, 98 S.Ct. 1795, 56 L.Ed.2d 275 (1978). The fact that the government did not file a claim in the plaintiff-debtor's bankruptcy proceeding is irrelevant; the penalty assessment is not discharged and the IRS may seek to recover from the debtor post-discharge. *In re Kinney*, 123 B.R. 889 (Bankr.Nev.1991).

The Bankruptcy Court therefore was correct in holding that the § 6672(a) penalty assessed against the plaintiff-debtor was not discharged by his bankruptcy.

## IV.

Plaintiff-debtor's second assertion of error is that the Bankruptcy Court should not have declined to determine the validity of the IRS' penalty assessment. He contends that he was not a corporate officer responsible for collecting and paying employees' withholding taxes to the government. Therefore, he argues, he was not a "responsible person" subject to the § 6672(a) penalty assessment. The Bankruptcy Court decided not to resolve this issue, leaving plaintiff-debtor to his remedies in other tribunals to challenge the assessment.

Section 505 of the Bankruptcy Code provides that "the [bankruptcy] court may determine the amount or legality of any tax, any fine or penalty relating to a tax, ... whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal...." 11 U.S.C.A. § 505(a)(1) (West 1979). This includes the authority to determine the propriety of a § 6672(a) penalty assessment. *E.g., In re Fernandez,* 130 B.R. 757, 762 (Bankr.W.D.Mich.1991); *see Gwilliam v. United States,* 519 F.2d 407 (9th Cir.1975). *Contra In re O'Ffill,* 368 F.Supp. 345 (D.Kan.1973). However, the exercise of such authority is within the discretion of, rather than mandatory on, the court. *In re Galvano,* 116 B.R. 367 (Bankr.E.D.N.Y. 1990); *In re Kaufman,* 115 B.R. 378 (Bankr.S.D.Fla.1990); *In re Hunt,* 95 B.R. 442 (Bankr.N.D.Tex.1989). *But see In re Smith,* 122 B.R. 130 (Bankr.M.D.Fla.1990). In exercising this discretion, the court should consider, among other things,

> the complexity of the tax issues to be decided, the need to administer the bankruptcy case in an orderly and efficient manner, the burden on the Bankruptcy Court's docket, the length of time required for trial and decision, the asset and liability structure of the debtor, and the prejudice to the debtor and potential prejudice to the taxing authority.

*In re Galvano* at 372. Other major factors to be considered are the effect that possible alternative resolutions of the tax liability will have on other creditors of the bankruptcy estate and on providing the debtor with a "fresh start." *See In re Smith, supra; In re Hunt, supra.*

In the present case the plaintiff-debtor had no assets for distribution. If the Bankruptcy Court should decide the issue of the penalty assessment in debtor's favor, such determination would simply have eliminated the assessment as one of his debt liabilities; it would not have freed any assets for distribution. Likewise, a decision in favor of the IRS would have no effect on the bankruptcy proceedings; debtor's estate would still be without assets to pay the assessment and the debt would still be nondischargeable. In other words, nothing would be gained by having the Bankruptcy Court, rather than the Tax Court, resolve this issue. *In re Kaufman, supra.* Therefore, this court finds that the Bankruptcy Court did not abuse its discretion in abstaining from adjudicating this tax liability issue.

For the reasons set forth in this opinion, it is ORDERED that the judgment of the Bankruptcy Court is AFFIRMED.