In re Lynn B. STARNES, Debtor.

Lynn B. STARNES, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Bankruptcy No. 92–31893.
Adv. No. 93–3115.

United States Bankruptcy Court,
W.D. North Carolina,
Charlotte Division.

July 15, 1993.

A. Burton Shuford and Martin Hunter of Shuford & Hunter, P.A., Charlotte, NC, for plaintiff.

Thomas Holderness, U.S. Dept. of Justice, Washington, DC, James Sullivan, Asst. U.S. Atty., Charlotte, NC, for defendant.

## ORDER DENYING MOTION TO DISMISS

MARVIN R. WOOTEN, Bankruptcy Judge.

This matter came before the court on the Motion of the United States to Dismiss plaintiff's adversary proceeding pursuant to Bankruptcy Rule 7012 and Fed.R.Civ. Pro. 12(b)(1) for lack of subject matter jurisdiction. On June 17, 1993 the court heard the parties' oral arguments on the motion. At the conclusion of the hearing, the court took the defendant's motion under advisement. After carefully considering the evidence in the record and the arguments of counsel, the court is of the opinion that the motion should be denied. While this court has jurisdiction, it shall abstain from deciding this matter.

### BACKGROUND FACTS

Plaintiff filed a petition under Chapter 7 of the United States Bankruptcy Code on November 2, 1992. On March 3, 1993, plaintiff was granted a discharge. This adversary proceeding was initiated on March 12, 1993 by the filing of plaintiff's Complaint to Determine Tax Liability pursuant to 11 U.S.C. Section 505 and 26 U.S.C. Section 6013(e). In the Complaint, plaintiff alleges that she is not liable for the additional joint income taxes assessed by the Internal Revenue Service ("IRS") against the debtor and her husband. The IRS claims that the debtor and her husband are liable for taxes in the amount of $11,-674.00 plus penalty and interest for the tax year 1986. The additional taxes are based on non-employee compensation allegedly received by debtor's husband. Plaintiff-debtor maintains that she is not liable under the innocent spouse rule as defined in 26 U.S.C. § 6013(e).

### DISCUSSION

Defendant avers that this court lacks subject matter jurisdiction to determine whether plaintiff has tax liability under 11 U.S.C. § 505 and consequently should discretionarily abstain from making a determination. Section 505 provides in pertinent part that:

> (a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.
>
> (a)(2) The court may not so determine—the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title;

11 U.S.C. § 505(a)(1).

Defendant specifically cites the *Willemain* case in support of its position. However, the Fourth Circuit's decision in *Willemain v. Kivitz*, 764 F.2d 1019 (1985) concerns issues of fact and law that differ from the case before this court. *Willemain* involved a Chapter 7 debtor who appealed the bankruptcy court's approval of a sale of his limited partnership interest. The Fourth Circuit ruled that Willemain lacked standing to prosecute the appeal because an insolvent debtor has no pecuniary interest in the distribution of his assets among his creditors. *Id.* at 1022. A significant finding was the fact that even a higher contingent offer would neither return solvency to Willemain's estate nor provide Willemain with a surplus. *Id.* Moreover, the purchaser was a good faith purchaser and the sale's validity was upheld. *Id.* Based on these particular facts, the bankruptcy court differentiates this case from the matter before it.

A bankruptcy court generally has the authority to determine a debtor's tax liability and such a proceeding is a core proceeding. *See In re Lipetzky*, 64 B.R. 431, 434 (Bankr.D.Mont.1986). Ample case law supports the plenary authority of the bankruptcy court to hear and determine the amount or legality of any tax claim whether or not the tax, fine, or penalty has been

paid, previously assessed or contested. *New Jersey v. Anderson*, 203 U.S. 483, 27 S.Ct. 137, 51 L.Ed. 284 (1906); *U.S. v. Coast Wineries, Inc.*, 131 F.2d 643 (9th Cir.1942); *Cohen v. U.S.*, 115 F.2d 505 (1st Cir.1940); *In re Sheinman*, 14 F.2d 323 (E.D.Pa.1926); *In re Bradley*, 16 F.2d 301 (S.D.N.Y.1926). The reported decisions uniformly recognize the bankruptcy court's jurisdiction to determine a debtor's tax liability under section 505(a). *In re Educators Investment Corp.*, 59 B.R. 910, 913 (Bankr.D.Nev.1986); *Bostwick v. U.S.*, 521 F.2d 741, 744 (8th Cir.1975); *In re Original Wild West Foods, Inc.*, 45 B.R. 202 (Bankr. W.D.Tex.1984).

The legislative history of section 505 emphasizes that it permits the bankruptcy court to determine the tax liability of a debtor "that has not been contested before or adjudicated by a judicial or administrative tribunal of competent jurisdiction before the bankruptcy case." S.Rep. No. 989, 95th Cong., 2d Sess. 67, reprinted in 1978 U.S.Code Cong. & Admin. News 5787, 5853. In *U.S. v. Wilson*, 974 F.2d 514 (4th Cir.1992), the Fourth Circuit ruled that a bankruptcy court could determine the debtor's tax liability even though it previously had lifted the automatic stay against the tax court proceeding on the same issue. The bankruptcy court and tax court each had concurrent jurisdiction to determine a tax liability that was not adjudicated by the tax court before commencement of the bankruptcy action. It is clear that the language of section 505(a)(2) only deprives a bankruptcy court of its authority to determine a debtor's tax liability where that liability has been previously contested before and adjudicated by another authorized tribunal. In this instance, no evidence was presented to the court which indicated that any prior adjudication of the merits of the tax claim has occurred in a contested proceeding before a court of competent jurisdiction. Thus, this court is not precluded from reviewing any determination of debtor Starnes' tax liability. Although the court has the power to determine debtor's tax liability in this matter, according to the language of section 505, that power is discretionary and may or may not be exercised depending upon the equities of a particular situation. *In the Matter of East Coast Brokers & Packers, Inc.*, 142 B.R. 499 (Bankr.M.D.Fla.1992). Based on this language, the court must weigh the relevant considerations in exercising its discretion whether or not to retain jurisdiction.

There are a number of factors which may be considered by a court when deciding whether to undertake a section 505 review. These factors include the complexity of the tax issues to be decided, the need to administer the bankruptcy case in an orderly and efficient manner, the burden on the bankruptcy court's docket, the length of time required for trial and decision, the asset and liability structure of the debtor, and the prejudice to the taxing authority. *In re Hunt*, 95 B.R. 442, 445 (Bankr.N.D.Tex.1989).

Applying the criteria to this case, the bankruptcy court can conduct the trial without undue delay. However, the tax court is a more appropriate forum in which to litigate tax issues. A determination of plaintiff's 1986 federal income tax liability would not further the administration of the estate in any manner. In several cases concerning the same legal issues, the courts have dismissed debtor's complaint to determine tax liability and granted defendant's motion for abstention where the debtors contested a nondischargeable tax debt in a no-asset Chapter 7 bankruptcy case. *In re Kaufman*, 115 B.R. 378 (Bankr.S.D.Fla.1990); *In re Diez*, 45 B.R. 137 (Bankr.S.D.Fla.1984); *In re Millsaps*, 133 B.R. 547 (Bankr.M.D.Fla.1991).

In *In re Kaufman*, a debtor filed a Chapter 7 petition in a no-asset case and filed its complaint to determine tax liability after receiving its discharge. Similar to this matter, the United States did not file a claim in *Kaufman*. Citing the holding in another case, the court abstained from deciding the tax liability in a no-asset case involving no other parties other than the debtor and the I.R.S.... "where no bankruptcy purpose is served which would outweigh the importance of uniformity of as-

sessment." *Kaufman* at 379, citing *Diez* at 139. The debtor in Kaufman protested that his case was distinguishable from *Diez* because there are other creditors other than the United States. The court ruled that this distinction is not significant. Since no distribution will be made to the United States from the debtor's estate, the number of creditors is irrelevant. *Id.* The court concluded that the debtor can seek such determination in any other appropriate forum without involving the court in a decision that will serve no bankruptcy purpose.

As stated in *Millsaps:*

Here the trustee is not seeking a determination of the amount of these taxes in the process of administering the estate. Instead, it is the debtors who are contesting the amount of a non-dischargeable debt. Although Congress extended jurisdiction to the bankruptcy court to determine the debtors' personal tax liability under section 505(a)(1), the debate in the House of Representatives leading to the passage of the section clearly shows that, when there is no need for a determination of the amount of the tax for estate administration purposes, Congress did not intend or foresee that the bankruptcy court would be the forum for this litigation.

*Millsaps*, 133 B.R. at 554–555. The court in *Millsaps* reiterated the legislative history pertaining to this scenario:

If a tax authority decides not to file a claim for taxes which would typically occur when there are few, if any, assets in the estate, normally the tax authority would also not request the bankruptcy court to rule on the debtor's personal liability for a non-dischargeable tax. Under the House amendment, the tax authority would then have to follow the normal procedures in order to collect a nondischargeable tax. For example, in the case of nondischargeable Federal income taxes, the IRS would be required to issue a deficiency notice to an individual debtor, and the debtor could then file a petition in the Tax Court—or a refund suit in a district court—as the forum in which to litigate his personal liability for a non-dischargeable tax.

*Id.* citing 124 Cong.Rec. H11095, H11110–11111 (1978). This portion of the legislative debate depicts the situation presented here. The IRS did not file a claim; there were no assets administered; and there will be no distribution from the estate to the IRS or to any other creditor. The policy reasons underlying section 505 are not applicable in this context. Thus, this court concludes that discretionary abstention under 28 U.S.C. § 1334(c)(1) is appropriate.

This court concurs with the analysis in *Millsaps* that unless the court abstains in these circumstances, every taxpayer could ignore IRS requirements for disputing tax liability, and then after the fact attempt to obtain a judicial determination in bankruptcy court. *See In re Cain*, 142 B.R. 785, 788 (Bankr.W.D.Tex.1992). This is not the intended result unless the interest of the creditors would be furthered. In this instance, a tax liability determination would have no effect on any creditor and would benefit only the Debtor. Since the purpose of § 505 would not be fulfilled, this court shall abstain from making a determination under § 505.

Based on the foregoing reasons, the court concludes that the defendant's motion to dismiss is hereby **DENIED** and the court shall discretionarily abstain from deciding this matter.

**IT IS SO ORDERED.**