930 F.2d 1563
 21 Bankr.Ct.Dec. 1123, Bankr. L. Rep. P 73,971
 In re Dr. Klaus Hubert GOERG, as Trustee in Bankruptcy for
the Estate of Heinz Guenter Kaussen, pursuant to
the laws of the Federal Republic of
Germany, Debtor.
Dr. Klaus Hubert GOERG, as Trustee in Bankruptcy for the
Estate of Heinz Guenter Kaussen, pursuant to the
laws of the Federal Republic of Germany, Appellant,
v.
Edgardo L. PARUNGAO, John F. Sampson, Dr. Bruno M. Kubler,
Bayerische Hypotheken-Und Wechsel-Bank AD, and
James R. Kanner, Guardian Ad Litem for
the Minor Child, Eva Marie
Kaussen, Appellees.
 No. 90-8680.
 United States Court of Appeals, Eleventh Circuit.
 May 13, 1991.
 
 Dennis S. Meir, Kilpatrick & Cody, Thomas C. Shelton, Mary Lillian Walker, Robert E. Shields, Doffermyre, Shields & Canfield, Atlanta, Ga., for appellant.
 Michael D. Pinsky, Macey, Wilensky, Cohen, Wittner, and Kessler, Atlanta, Ga., for Dr. Bruno M. Kubler.
 C. David Butler, Alston & Bird, R. Lee Brooks, Atlanta, Ga., for John F. Sampson, Adm'r.
 Eric W. Anderson, Powell, Goldstein, Frazer & Murphy, E. Penn Anderson, Atlanta, Ga., C. Douglas Floyd, Pillsbury, Madison & Sutro, Bruce A. Ericson, San Francisco, Cal., for Bayerische Hypotheken-Und Weschsel-Bank AD.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before JOHNSON and COX, Circuit Judges, and HENDERSON, Senior Circuit Judge.
 JOHNSON, Circuit Judge:
 
 
 1
 Appellant-trustee Klaus Hubert Goerg appeals the district court's finding that the bankruptcy court had the authority to enter an unreviewable abstention order pursuant to 11 U.S.C. Sec. 305(c).
 
 I. STATEMENT OF THE CASE
 A. Background Facts
 
 2
 This case involves the administration of the estate of Heinz Guenter Kaussen, a citizen of West Germany, who died in April 1985 leaving liabilities of approximately $55 million in excess of his assets. After Kaussen's death, the Cologne Local Court, the West German local court with jurisdiction, entered an order of adjudication finding Kaussen's estate insolvent. The West German court appointed Goerg as trustee in bankruptcy. Goerg then sought to collect all of Kaussen's assets, which were located in West Germany, Ireland, Canada, Georgia, and California, to administer them in one plenary proceeding in West Germany.[1]
 
 B. Procedural History
 
 3
 To obtain control over Kaussen's assets in the United States, Goerg filed petitions for ancillary administration of the Kaussen estate in the bankruptcy courts for the Northern District of California and the Northern District of Georgia pursuant to 11 U.S.C. Sec. 304.[2] In both petitions, Goerg requested that the bankruptcy courts recognize and enforce the Order of the Cologne Local Court, which he claimed exclusively authorized him to collect Kaussen's foreign assets and return them to Germany for administration in one proceeding.
 
 
 4
 The Georgia bankruptcy court initially denied Goerg's section 304 petition, finding that it had no jurisdiction because Goerg was the representative of a foreign decedent's estate and a decedent's estate could not be a debtor under the Bankruptcy Code. In re Goerg, 64 B.R. 321, 324 (Bankr.N.D.Ga.1986). The district court affirmed the bankruptcy court. We reversed the district court, however, and held "that a debtor in a section 304 proceeding need not qualify as a 'debtor' under the Code's definition of that term [but must] only be properly subject, under applicable foreign law, to a proceeding 'commenced for the purpose of liquidating an estate, adjusting debts by composition, extension, or discharge, or effecting a reorganization.' " In re Goerg, 844 F.2d 1562, 1568 (11th Cir.1988).
 
 
 5
 Goerg then filed an "Amended and Restated Petition for Section 304 Relief" in the bankruptcy court. Appellee-creditors Bruno M. Kubler and Bayerische Hypotheken-Und Wechsel-Bank AD ("Hypo-Bank") (collectively "the creditors") opposed the petition. On July 31, 1989, the bankruptcy court entered an order abstaining from or, alternatively, dismissing jurisdiction pursuant to 11 U.S.C. Sec. 305. Georg appealed to the district court. The district court dismissed the appeal on the grounds that the bankruptcy court's abstention order was nonreviewable.[3] In this appeal, Goerg argues that the bankruptcy court's issuance of a nonreviewable section 305 order to abstain or, alternatively, to dismiss jurisdiction violates Article III and is therefore unconstitutional.
 
 II. ANALYSIS
 
 6
 Determinations of law by a district court are subject to de novo review by this Court. In re Sublett, 895 F.2d 1381, 1383 (11th Cir.1990).
 
 
 7
 A. Reviewability of the Section 305 Order to Abstain
 
 
 8
 In our recent opinion in Parklane v. Parklane, 927 F.2d 532, 538 (11th Cir.1991), we determined that an Article I bankruptcy court may not issue an unreviewable section 305 order to dismiss or, alternatively, to abstain from jurisdiction over a bankruptcy case.[4] This Court noted that original jurisdiction over bankruptcy cases is vested in Article III courts and that bankruptcy courts obtain jurisdiction only at the discretion of the district court. Id.; see also 28 U.S.C. Sec. 1334(a), (b) and 28 U.S.C. Secs. 151 & 157. In view of the Supreme Court's decision in Northern Pipeline Constr. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), we ruled that permitting a bankruptcy court to issue an unreviewable section 305 order dismissing or suspending a district court's jurisdiction over a bankruptcy case would violate Article III of the Constitution by impermissibly placing the jurisdiction of an Article III court within the unreviewable discretion of an Article I court. The appellees' briefs have raised no new arguments which would suggest that this conclusion was incorrect.
 
 
 9
 In fact, Congress' recent amendment to section 305 supports this Court's ruling in Parklane. Section 305(c) now states, in part, that an order under "this section dismissing a case or suspending all proceedings in a case, or a decision not so to dismiss or suspend, is not reviewable by appeal or otherwise by the court of appeals under section 157(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title." Federal Courts Study Committee Implementation Act of 1990, Pub.L. 101-650, Sec. 309, 104 Stat. 5113 (Dec. 1, 1990) (amendment in italics).[5] By omitting any reference to the district courts in the amendment, Congress limited only the jurisdiction of the Court of Appeals and the Supreme Court to review a bankruptcy court's section 305 order, but not the jurisdiction of the district court to review such an order. See In re Axona Int'l Credit & Commerce Ltd., 924 F.2d 31 (2nd Cir.1991).
 
 
 10
 B. The District Court's Standard of Review of a Bankruptcy Court's Section 305 Order
 
 
 11
 Goerg argues that this Court should hold that the district court must review a bankruptcy court's section 305 order at a de novo hearing. Moreover, he claims that this review should require the district court to provide the parties with the opportunity to submit additional evidence not presented before the bankruptcy court. The creditors contend that the district court should subject the bankruptcy court's factual findings to the clearly erroneous standard of review while reviewing questions of law de novo.[6]
 
 
 12
 Section 157(b)(1) of Title 28 states that "Bankruptcy Judges may hear and determine all cases under title 11 ... referred to [them] under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." 28 U.S.C. Sec. 157(b)(1) (emphasis added). Accordingly, a bankruptcy court's section 305 order, which is a determination of whether to dismiss or abstain from a case under title 11, is subject to review pursuant to 28 U.S.C. Sec. 158(a).[7] Appeals brought pursuant to this section "shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. Sec. 158(c). In a bankruptcy appeal, a district court will subject the bankruptcy court's determinations of law to de novo review. In re Sublett, 895 F.2d 1381, 1383 (11th Cir.1990). The district court will apply the "clearly erroneous" standard of review to the bankruptcy court's factual findings. Id.; Bankr.Rule 7052 (incorporating Fed.R.Civ.P. 52); Bankr.Rule 8013. The district court is not authorized to make independent factual findings; that is the function of the bankruptcy court. In re Sublett, 895 F.2d at 1383 (citing Bankr.Rules 7052, 8013, and Wegner v. Grunewaldt, 821 F.2d 1317, 1320 (8th Cir.1987)). If the bankruptcy court's factual findings are ambiguous or silent as to an outcome-determinative factual question, the district court must remand the case to the bankruptcy court. Id. The drafters of the amendment to section 305 clearly intended that in most cases the bankruptcy court should make the initial determination of whether to issue a section 305 order.[8] See Report of the Federal Courts Study Committee, part II, p. 77, part III, pp. 371-374.[9] The Committee recognized that in most cases the decision to abstain from a bankruptcy case turns on considerations unique to bankruptcy law and thus is especially suited for the expertise of the bankruptcy court. Id.
 
 III. CONCLUSION
 
 13
 For the foregoing reasons, we REVERSE and REMAND to the district court.
 
 
 
 [1]
 The parties dispute whether the West German court directed Goerg to collect all of Kaussen's assets
 
 
 [2]
 Section 304 governs cases filed in bankruptcy courts that are related to foreign bankruptcy proceedings, e.g., where a foreign debtor has assets in this country. 11 U.S.C. Sec. 304
 
 
 [3]
 At the time the district court considered this appeal, section 305(c) stated that an order "dismissing a case or suspending all proceedings in a case, or a decision not to so dismiss or suspend, is not reviewable by appeal or otherwise." 11 U.S.C.A. Sec. 305(c) (West 1979)
 
 
 [4]
 At the time we heard the argument in Parklane, supra, section 305(c) had not yet been amended. See Federal Courts Study Committee Implementation Act of 1990, Pub.L. 101-650, Sec. 309, 104 Stat. 5113 (Dec. 1, 1990)
 
 
 [5]
 The identical language was inserted as an amendment to 28 U.S.C. Sec. 1334(c)(2), which governs the jurisdiction of district courts over bankruptcy cases and proceedings
 
 
 [6]
 Because the district court in Parklane withdrew reference of the case from the bankruptcy court before the bankruptcy court entered a section 305 order, we did not address the question of the standard of review the district court should apply to a bankruptcy court order under section 305
 
 
 [7]
 Section 158(a) provides that the "district courts of the United States shall have jurisdiction to hear appeals from final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. Sec. 158(a)
 
 
 [8]
 Of course, a district court may choose to withdraw the reference of a bankruptcy case from a bankruptcy court in order to consider a section 305 order. See Parklane, supra
 
 
 [9]
 Congress established the Federal Courts Study Committee in 1988. Federal Courts Study Act, Pub.L. No. 100-702, Sec. 102, 102 Stat. 4644 (1988). The Committee's duties included reporting to the President and Congress, among others, suggested revisions to the laws of the United States