In re Robert K. GIDLEY &
Nita M. Gidley, Debtors.

Robert K. GIDLEY & Nita
M. Gidley, Appellants,

v.

UNITED STATES of America, Appellee.

No. 92–0349–CIV–ORL–18.

United States District Court,
M.D. Florida,
Orlando Division.

Nov. 2, 1992.

B. Gray Gibbs, Foley & Lardner, Tampa, FL, for appellants.

Richard A. Resnick, U.S. Justice Dept., Tax Div., Washington, DC, for appellee.

ORDER

G. KENDALL SHARP, District Judge.

On June 12, 1990, Robert K. Gidley and Nita M. Gidley (Gidleys) filed a petition for relief under Chapter 7 of the Bankruptcy Code. In their schedules, the Gidleys listed the Internal Revenue Service (IRS) as a creditor based on unpaid tax liabilities for 1982 through 1986. The Gidleys received their discharge in September 1990. On November 20, 1990, the IRS, on behalf of the United States, filed a proof of secured and unsecured claims against the bankruptcy estate for the amount of unpaid federal income taxes, penalties and interest for the taxable years 1983 through 1987.

The Gidleys commenced an adversary proceeding in Bankruptcy Court to determine the dischargeability of their federal income tax liabilities for the years 1983, 1984 and 1986. The Gidleys also requested that the Bankruptcy Court determine the value and extent of the tax liens of the United States. The IRS filed notices of federal tax liens securing the federal tax liabilities for 1983, 1984, and 1986. In its answer to the Gidleys' adversary proceeding complaint, the IRS admitted that the Gidleys' federal income tax liabilities for the taxable years 1983 and 1984 were dischargeable. However, the IRS maintained that the Gidleys' tax liability for 1986 was not dischargeable.

In October 1991, the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division held a trial, and, in March 1992, made findings of fact and conclusions of law and entered a final judgment that (1) ordered the federal income taxes of the Gidleys for the years

1982, 1983, and 1984 to be discharged to the extent that they were unsecured; (2) pursuant to 11 U.S.C. § 523(a)(1)(A) (1988), excepted from discharge the federal income taxes, penalties, and interest in the amount of $12,603.83 due for the year 1986 from the Gidleys; and (3) determined the value of the secured claim for unpaid federal taxes to be $2,000.000. The Gidleys appeal the Bankruptcy Court's determination that their 1986 tax liability should be excepted from discharge.

■ A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instruction for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." 11 U.S.C.Bankr.R. 8013 (1988); *see Goerg v. Parungao (In re Goerg)*, 930 F.2d 1563, 1566 (11th Cir.1991). A district court reviews a bankruptcy judge's conclusions of law in a *de novo* manner. *See In re Goerg*, 930 F.2d at 1566; *State Farm Mut. Auto. Ins. Co. v. Fielder (In re Fielder)*, 799 F.2d 656, 657 (11th Cir.1986) (per curiam). Thus, a district court defers to the ruling of a bankruptcy court "unless its factual findings are clearly erroneous or it applies the incorrect legal standard." *See Cox v. Landsdowne (In re Cox)*, 904 F.2d 1399, 1401 (9th Cir.1990); *accord In re Fielder*, 799 F.2d at 657.

■ Section 523(a)(1)(A) of the Bankruptcy Code provides that a discharge does not discharge a debtor from any debt for a tax of the kind specified in section 507(A)(7). *See* 11 U.S.C. §§ 523(a)(1)(A), 507(a)(7)(A)(i) (1988). Section 507(a)(7)(A)(i) excepts from discharge "a tax ... for a taxable year ending on or before the date of a filing of a petition for which a return, if required, is last due, including extensions, after three years before the date if the filing of the petition." The issue on appeal is when the Gidleys' 1986 tax return was last due.

The Gidleys' 1986 income tax return was initially due on April 15, 1987. However, the IRS contends that the Gidleys filed an automatic extension which provided the Gidleys with an additional four months until August 15, 1987 to file their 1986 income tax return. The Gidleys maintain that they did not file an automatic extension. Both sides presented evidence at the Gidleys' adversary proceeding in support of their contentions.

This case turns on the credibility of the witnesses who testified during the adversary proceeding. The court defers to the opportunity of the bankruptcy court to judge the credibility of the witnesses and concludes that, based on the evidence presented during the Gidleys' adversary proceeding, the Bankruptcy Court was not clearly erroneous in finding that the Gidleys filed a valid extension of time to file their 1986 joint federal income tax return. Therefore, the Gidleys' taxes were last due on August 15, 1986, which is "after three years before the date of the filing of the petition" on June 12, 1990. *See* 11 U.S.C. § 507(a)(7)(A)(i).

Because the claim of the United States for unpaid taxes is a priority claim excepted from discharge under §§ 523(a)(1)(A) and 507(a)(7)(A)(i), the court finds that the Bankruptcy Court did not err in ordering the federal income taxes, penalties, and interest in the amount of $12,603.83 due for the taxable year 1986 excepted from the Gidleys' discharge. Accordingly, the court **AFFIRMS** the Bankruptcy Court's judgment. Having so ruled, the court finds that the Gidleys' motion for oral argument is **MOOT**. (Doc. 24.)

It is **SO ORDERED**.