**In re James M. PARSONS, M.D. & Diane B. Parsons, d/b/a Alpha Medical Clinic, Brevard County Realty Trust, Ltd., Debtors.**

**James M. PARSONS, M.D. & Diane B. Parsons, d/b/a Alpha Medical Clinic, Brevard County Realty Trust, Ltd., Appellants,**

v.

**UNITED STATES of America, Appellee.**

No. 89–0520–CIV–ORL–18.

United States District Court,
M.D. Florida,
Orlando Division.

Feb. 5, 1993.

**586**

Burton J. Green, Law Office of Burton J. Green, Cocoa Beach, FL, Harold A. Miller, III, Law Office of Harold A. Miller III, Decatur, GA, for appellants.

Marika Lancaster, U.S. Dept. of Justice, Tax Division, Washington, DC, Kendell W. Wherry, U.S. Attorney's Office, M.D. of Florida, Orlando, FL, for appellee.

## ORDER

G. KENDALL SHARP, District Judge.

In this action, James and Diane Parsons (the Parsonses) appeal an order entered by the United States Bankruptcy Court for the Middle District of Florida in which the bankruptcy court declared that United States tax claims against the Parsonses were not dischargeable and dismissed the Parsonses' adversary complaint on the merits. The Parsonses claim that the bankruptcy court erred when it excluded evidence at trial regarding the Parsonses' liability for income and employment taxes, denied the Parsonses' request for a jury trial, and dismissed their complaint on the merits. On appeal, this court finds that the bankruptcy court did not commit the errors alleged by the Parsonses, and thus, AFFIRMS the bankruptcy court's dismissal of the Parsonses' adversary complaint on the merits.

### I. Facts

The Parsonses filed a voluntary Chapter 7 bankruptcy petition. The United States filed claims in the Parsonses' bankruptcy proceedings for unpaid income and employment taxes and a tax penalty. After the bankruptcy court granted the Parsonses a

discharge, the Parsonses initiated an adversary proceeding against the United States. In their complaint, the Parsonses alleged that the discharge extended to the United States tax claims. The Parsonses requested that the bankruptcy court declare that the United States tax claims were dischargeable and that James Parsons was not liable for the tax penalty. The Parsonses also sought injunctive relief to enforce the discharges. In the complaint, the Parsonses demanded a jury trial.

The bankruptcy court expressly declined to determine the Parsonses' income and employment tax liability. The bankruptcy court found that in the Parsonses' case, the need to determine how much the Parsonses owed the United States would arise only if liquidation proceeds were distributed. The bankruptcy court cited 11 U.S.C. § 502(c) as authority that bankruptcy courts can determine allowance of claims without determining the specific amount of contingent or unliquidated claims to avoid unduly delaying administration of the estate. The bankruptcy court concluded that it did not need to determine the Parsonses' liability to resolve the question of dischargeability. Because the bankruptcy court found that the Parsonses were not entitled to a jury trial on the issue of dischargeability, the bankruptcy court refused the Parsonses' demand for a jury trial. During the bench trial, the bankruptcy court excluded evidence that related to the Parsonses' income and employment tax liability, but allowed evidence on the issue of James Parsons's liability for the tax penalty.

At the end of the bench trial, the bankruptcy court concluded that the Parsonses failed to prove, by a preponderance of evidence, that the United States tax claims were dischargeable. The bankruptcy court also found that James Parsons voluntarily and intentionally did not pay the United States and paid another creditor. Therefore, the bankruptcy court concluded that James Parsons acted willfully, as proscribed by the tax penalty provision, 26 U.S.C. § 6672. The bankruptcy court subsequently entered a written judgment that incorporated the bankruptcy court's oral

findings of fact and conclusions of law. The bankruptcy court declared that the United States tax claims against the Parsonses were not dischargeable and dismissed the complaint on the merits. The bankruptcy court made no reference to the Parsonses' request for a declaration that James Parsons was not liable for the tax penalty.

## II. Legal Discussion

### A. *Standard of Appellate Review*

A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instruction for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." 11 U.S.C.Bankr.R. 8013 (1988); *see Goerg v. Parungao (In re Goerg)*, 930 F.2d 1563, 1566 (11th Cir.1991). A district court reviews a bankruptcy judge's conclusions of law in a *de novo* manner. *See Goerg*, 930 F.2d at 1566. The Parsonses do not challenge the bankruptcy court's factual findings; therefore, this court will determine only whether the bankruptcy court correctly applied the law.

### B. *Grounds for Appeal*

1. *Exclusion of Evidence Regarding the Parsonses' Income and Employment Tax Liability.*

■ Section 505(a) provides bankruptcy courts with discretionary authority to determine tax liability. 11 U.S.C. § 505(a) (providing, in pertinent part, that a bankruptcy "court may determine the amount and legality of any tax"). Bankruptcy courts have held, however, that bankruptcy courts should not decline to determine the amount and liability of taxes unless abstention would serve the interests of the creditors and debtors. *See Smith v. United States (In re Smith)*, 122 B.R. 130, 133 (Bankr.M.D.Fla.1990); *see also In re Palm Beach Resort Properties, Inc.*, 51 B.R. 363, 364 (Bankr.S.D.Fla.1985) (stating conclusively that the bankruptcy court had a duty

to determine tax liability). If the impact of abstention on the general administration of the estate is minimal or nonexistent, abstention may be appropriate. *Smith*, 122 B.R. at 133.

■ In the Parsonses' adversary proceeding, the bankruptcy court reasoned that the Parsonses' liability for the United States tax claims would affect the administration of the Parsonses' estate only if liquidation proceeds existed. Therefore, the bankruptcy court's abstention from determining liability until after it determined that liquidation proceeds existed would not impact the administration of the estate. *See Kaufman v. United States (In re Kaufman)*, 115 B.R. 378, 379 (Bankr. S.D.Fla.1990) (citing authority for the proposition that if a debtor's estate lacks sufficient funds to distribute to a taxing authority, a bankruptcy court may abstain from determining tax liabilities). This court finds that the Parsonses fail to show that the bankruptcy court abused its discretion by declining to consider the Parsonses' income and employment tax liability at the trial on dischargeability.

2. *Denial of Demand for Jury Trial.*

The Parsonses concede that they were not entitled to a jury trial on the issue of dischargeability. The Parsonses contend, however, that the Seventh Amendment entitles them to a jury trial on the liability issues. Although the bankruptcy court did not specifically rule on the Parsonses' tax liability in its written order, the order incorporates the findings of fact and conclusions of law that the bankruptcy court made at the bench trial and dismisses the complaint on the merits. The bankruptcy court made findings at the bench trial in reference to James Parsons's liability for the tax penalty and the complaint requested a declaration that James Parsons was not liable for the tax penalty. Accordingly, this court finds that the bankruptcy court denied the Parsonses' demand for a jury trial on the issue of James Parsons's liability.

■ An action to determine liability for tax penalties under 26 U.S.C. § 6672 is a Seventh Amendment "suit at common

law." *United States v. McMahan,* 569 F.2d 889, 891 (5th Cir.1978); *see also Merrill v. Walter V. Heller & Co. (In re Merrill),* 594 F.2d 1064, 1068 (5th Cir.1979) (finding that historically, juries determined the issues of liability and amount of a nondischargeable debt). However, whether the Parsonses preserved their right to a jury trial depends on whether the Parsonses brought their action within the equitable jurisdiction of the bankruptcy court. *See Langenkamp v. Culp,* 498 U.S. 42, 45, 111 S.Ct. 330, 331–32, 112 L.Ed.2d 343 (1990) (finding that because the creditors filed claims against the bankruptcy estate, the creditors brought themselves within the equitable jurisdiction of the bankruptcy court, and thus, were not entitled to a jury trial); *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 57–59, 109 S.Ct. 2782, 2798–99, 106 L.Ed.2d 26 (1989).

The Parsonses voluntarily filed an adversary complaint in the bankruptcy court. Moreover, because the Parsonses asked the bankruptcy court to determine the dischargeability of the United States tax claims and James Parsons's liability for the tax penalty, the Parsonses' adversary complaint is integral to the claims allowance process. Accordingly, this court finds that the Parsonses submitted their adversary action to the equitable jurisdiction of the bankruptcy court, and thus, had no right to a jury trial. *See N.I.S. Corp. v. Hallahan (In re Hallahan),* 936 F.2d 1496, 1503–06 (7th Cir.1991) (holding that when a debtor voluntarily files a bankruptcy petition, the debtor brings himself within the equitable jurisdiction of the bankruptcy court); *Haile Co. v. R.J. Reynolds Tobacco Co. (In re Haile Co.),* 132 B.R. 979, 980–81 (Bankr.S.D.Ga.1991) (holding that when a debtor files an adversary proceeding in bankruptcy court, the debtor loses his right to a jury trial); *see also Frost, Inc. v. Miller, Canfield, Paddock & Stone, P.C. (In re Frost, Inc.),* 145 B.R. 878, 882 (Bankr.W.D.Mich.1992) (focusing on whether the determination of the debtor's adversary proceeding is an integral part of the claims allowance process); *cf. In re Jensen,* 946 F.2d 369, 374 (5th Cir.1991) (holding that a creditor's filing of a proof of claim

denies both the creditor and the debtor a right to a jury trial).

### 3. *Dismissal of the Complaint on the Merits.*

A fair reading of the Parsonses' complaint and the bankruptcy court's judgment reveals that the bankruptcy court's dismissal adjudicated dischargeability and tax penalty liability, but not income and employment tax liability. Therefore, because the Parsonses do not challenge the bankruptcy court's conclusions regarding dischargeability and tax penalty liability, this court finds no error in the dismissal on the merits.

### III.  Conclusion

This court finds that the bankruptcy court did not err when it (1) excluded evidence concerning the Parsonses' income and employment tax liability, (2) denied the Parsonses' demand for a jury trial, and (3) dismissed the complaint on the merits. Accordingly, the court **AFFIRMS** the bankruptcy court's judgment dismissing the Parsonses' adversary action on the merits.

It is **SO ORDERED.**