**In re Frank P. MACAGNONE and Santina Macagnone, Debtors.**

**Frank P. MACAGNONE and Santina Macagnone, Plaintiffs,**

**v.**

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.**

**Bankruptcy No. 88–1119–8P7. Adversary No. 96–1001.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Nov. 26, 1997.

Nicholas Bangos, Orlando, FL, for Plaintiffs.

Philip Doyle, Washington, DC, for Defendants.

## ORDER ON MOTION TO STRIKE DEFENDANT'S MOTION FOR ABSTENTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a reopened Chapter 7 case originally filed by Frank P. and Santina Macagnone (Debtors) on March 2, 1988. In due course, the Debtors received their discharge and the case was closed. The Debtors' motion to reopen the closed case was granted and this Court entered an Order, reopening the case on September 5, 1996 for the limited purpose of permitting the Debtors to seek a determination of the dischargeability, *vel non*, of certain tax obligations which apparently are asserted by the United States of America (Government).

On October 3, 1996, the Debtors filed their Complaint which was immediately attacked by the Government. On February 3, 1997, this Court granted the Government's Motion to Dismiss in part. The Motion to Dismiss as it related to Counts II and III was denied. On November 6, 1996, the Debtors filed their Amended Complaint. In Count I of the Amended Complaint, the Debtors seek a determination that of their income tax liability for the years 1980, 1981, 1982, 1983, 1984 and 1985 has been discharged. In Count II, the Debtors seek a determination of the legality of taxes and/or penalties on and additions to their income tax liability for the same years. In Count III, the Debtors seek a determina-

tion of the nature and validity of the lien claimed by the Government. In addition, Count III also seeks a determination of the validity of a federal tax lien for 1040 taxes allegedly owed by the Debtors.

The present matter under consideration is a Motion for Abstention filed by the Government and a Motion to Strike the Motion for Abstention filed by the Debtors.

## MOTION TO STRIKE

■ The Motion to Strike the Government's Motion for Abstention filed by the Debtors is based on the undisputed facts that facially the Motion for Abstention is untimely. The Motion to Strike is based upon Local Rule 5011–2 of the United States Bankruptcy Court for the Middle District of Florida, which provides:

A motion to abstain from a case or proceeding under either 11 U.S.C. § 305 or 28 U.S.C. § 1334(c) shall be filed with the Clerk not later than the time set for filing a motion to withdraw the reference pursuant to Local Rule 5011–1 of these rules . . .

Thus, it is evident that the Motion for Abstention was not filed within the time provided by the Local Rule and, therefore, technically the Debtors' Motion to Strike is well founded and should be granted.

It should be noted, however, that all rules of procedure are designed to avoid technical delays and assist in the prompt administration of justice. Clearly, the law favors a resolution of disputes on their merits and not on the overly technical interpretation of the rules of procedure. A challenge based on untimeliness is always measured by its impact on the other side and what prejudice, if any, is caused by the tardiness.

These general propositions are not very helpful in the present instance because the Motion for Abstention really goes to the heart of the matter and directly relates to the Debtors' right to litigate the issues raised by the Amended Complaint long after the original Chapter 7 case was closed. In the present instance, the Government urges that abstention is proper because the Debtors' case was closed and the case is still a no asset case and to litigate this matter would

serve no valid bankruptcy purpose. In support of this proposition, the Government contends that since this is a no asset case, the determination of the Debtors' tax liability has no impact whatsoever on the rights of parties in interest. This is unlike a Chapter 11 or Chapter 13 case where the extent of the Debtor's liability is crucial and directly relates to the feasibility of the plans filed. Second, the Government urges that the Debtors had adequate remedies at law in that they could have litigated this matter in Tax Court or in the alternative could pay the taxes assessed and then seek a refund by filing suit in the United States District Court. Lastly, the Government argues that litigating this matter would be a time consuming and extremely complex and difficult litigation which is totally unnecessary considering the administration in the bankruptcy case and would place an undue and unnecessary burden on the resources of this Court.

■ Concerning the first proposition, it is clear that the fact that the case of the Debtors is a no asset case is of no consequence. It is clear that the well established policy purpose of all bankruptcy legislation is twofold, one to assure the administration of assets of the debtor effectively and fairly and second, which is equally important, in the case of an individual to give a debtor a "new opportunity in life and the clear field for future effort, unhampered by the pressure and discouragement of preexisting debt." *Perez v. Campbell,* 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233 (1971); *Lines v. Frederick,* 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970); *Local Loan Co. v. Hunt,* 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *Equitable Bank v. Miller (In re Miller),* 39 F.3d 301, 304 (11th Cir.1994).

■ The second proposition posited by the Government equally presents no viable alternative for two reasons. First, the Government concedes that the Debtors no longer have an opportunity to resort to the Tax Court because they are barred by the statute of limitations to litigate this issue. In this connection the Government urges that the fact they have missed the boat and did not seek a determination of the liability for more than six years after they obtained their dis-

charge is of no excuse. Clearly, the second alternative, to pay the taxes which in this instance are in excess of $75,000 and then sue for a refund would place an extreme burden on these Debtors and clearly is not a viable alternative.

The third ground suggested for abstention by the Government, that to litigate these issues is time consuming and complex is equally not persuasive.

The relief sought by the Debtors is pursuant to § 505(a)(1) of the Bankruptcy Code which authorizes the Bankruptcy Court to determine the amount or legality of any tax whether or not previously assessed, whether or not paid and whether or not contested before and adjudicated by a judicial or administration tribunal of competent jurisdiction. There is no question that under the appropriate circumstances it is appropriate to consider the Debtors' Motion under this Section seeking a determination of a tax liability.

■ The present matter is presented for this Court's consideration by the Debtors in a Chapter 7 case which was and still is a no asset case, has been closed many years ago and reopened for the purpose of permitting the Debtors to seek relief under this Section. It is true, as a general proposition, as the Government urges, that the Debtors cannot invoke the jurisdiction of the Bankruptcy Court in a matter which has no bankruptcy purpose. *In re Stanley*, 114 B.R. 777 (Bankr.M.D.Fla.1990). There is a plethora of authority to support the proposition that where such determination would not serve any bankruptcy purpose or where the factors indicate that the Court should defer the determination to another forum, the Court should abstain. *In re Diez*, 45 B.R. 137, 139 (Bankr.S.D.Fla.1984); *In re Kaufman*, 115 B.R. 378 (Bankr.S.D.Fla.1990); *In re Smith*, 122 B.R. 130 (Bankr.M.D.Fla.1990); *In re Millsaps*, 133 B.R. 547 (Bankr.M.D.Fla.1991); *In re American Motor Club, Inc.*, 139 B.R. 578 (Bankr.E.D.N.Y.1992); *In re Hunt*, 95 B.R. 442 (Bankr.N.D.Tex.1989); *Starnes v. United States*, 159 B.R. 748 (Bankr.W.D.N.C. 1993); *Parsons v. United States*, 153 B.R. 585 (Bankr.M.D.Fla.1993); *Byerly v. Internal Revenue Service*, 154 B.R. 718 (Bankr. S.D.Ind.1992).

■ The court in the case of *In re Millsaps, supra* having extensively reviewed the legislative history of § 505 concluded that the purpose of the enactment was not to provide another tax litigation forum when there is no need for a determination of the amount of the tax for estate administration purposes and Congress did not intend or foresee that the bankruptcy court would be the forum for such litigation. 124 Cong.Rec. H11095, H11110–H11111 (1978). While this Court has no difficulty in accepting these basic propositions, it is also constrained to note, however, that under certain circumstances this Court should exercise its jurisdiction to assist the Debtors to obtain a fresh start in life when such determination would serve that purpose.

■ It is clear that concerning the tax liability of the Debtors which have been conceded by the Government to be dischargeable, it is evident that abstention is appropriate because it is unwarranted to conduct long involved tax litigation to determine the amount of a dischargeable tax obligation. The Government initially conceded that the income tax liabilities for 1980, 1981, 1984 and 1985 are dischargeable and no longer disputes that the taxes for 1982 and 1983 are equally dischargeable. Thus, concerning these years, based on the income tax liabilities, this Court is satisfied that abstention is proper and should be granted.

■ The tax liability of the Debtors based on 26 U.S.C. § 6672, that is the liability for 100 percent assessment for nonpayment of payroll taxes, is clearly an issue which should be litigated before this Court as the proper forum. There is no valid reason why the Debtors should not be permitted to establish the tax liability in this forum. Such a determination, if the Debtors prevail, would clearly and significantly assist their attempt to obtain a fresh start in life.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Abstain filed by the United States of America be, and the same is hereby, granted in part and denied in

part and the Court shall not consider the claim set forth in Count I of the Amended Complaint. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion to abstain concerning the claim in Count II be, and the same is hereby, denied and the issues involved in Count II of the Amended Complaint shall be scheduled for pretrial conference before the undersigned in Courtroom C, 4921 Memorial Highway, Tampa, FL 33634, on December 30, 1997 at 10:15 am.