In re Domenic and Regina SPIRITO.
United States of America,
Appellant,

v.

Domenic and Regina Spirito, Appellees.

No. CIV.A. 99–292–CIV–ORL–18.
Bankruptcy No. 98–02256–6B3.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Aug. 19, 1999.

Carol Koehler Ide, U.S. Dept. of Justice, Tax Division, Washington, DC, for appellant.

Kevin E. Mangum, Meininger, Fisher & Mangum, P.A., Orlando, FL, for appellees.

## ORDER

SHARP, District Judge.

## I. BACKGROUND

The United States of America appeals an order from the United States Bankruptcy Court for the Middle District of Florida confirming the debtors' plan under Chapter 13 of the Bankruptcy Code.[1] The United States asserts that the bankruptcy judge erred in confirming the debtors' plan because the plan is not feasible and because it was "filed in bad faith and solely to frustrate the efforts of the debtors' sole creditor, the United States of America, to collect the debtors' federal tax liabilities." (Brief for Appellant, Doc. No. 6 at 1.) After thoroughly reviewing the record on appeal, this Court finds that the bankruptcy judge did not clearly err in confirming the debtors' Chapter 13 plan and affirms the order of confirmation.

On March 16, 1998, debtors filed a joint petition for relief under Chapter 13 identifying the United States as their sole creditor. The United States filed its first proof of claim on July 24, 1998, which was subsequently amended on July 31, 1998. On

---

1. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

August 4, 1998, debtors filed a proposed plan to which the United States filed a confirmation objection alleging, *inter alia,* the same arguments it now advances on appeal. After the United States' claim was allowed, the United States filed a third amended proof of claim on December 4, 1998 setting forth the following claims: 1) secured claim in the amount of $4,125; 2) unsecured priority claim in the amount of $14,477.42; and 3) unsecured general claim in the amount of $149,506.24.

The confirmation hearing was held on December 8, 1998. In light of the United States' prior objections, debtors filed a second amended Chapter 13 plan at the hearing. The United States admits that the amended plan cured its original confirmation objections, save the two objections it now advances on appeal. (Brief for Appellant, Doc. No. 6 at 5.) At the confirmation hearing, the United States squarely raised the issue of bad faith arguing that the "filing of this case and this plan is an attempt—is filed in bad faith. It's not a good faith." (Tr. 12/8/98 at 6, R. at 11.) In response, the bankruptcy judge invited the United States to present evidence in support of its accusations. *See id.* Instead of coming forward with evidence of bad faith, the United States switched gears and began discussing Mr. Spirito's employment status to support its claim of infeasibility. *See id.* In retort, debtors argued that they are both currently employed and although Mr. Spirito's employer notified him that he needs to seek other employment, he did not anticipate any difficulty in securing employment. *See id.* at 7.

After weighing the arguments, evidence, and credibility of the parties, the bankruptcy judge unequivocally stated on the record that he would confirm the plan and subsequently entered an order of confirmation expressly finding that the debtors' plan complied with section 1325. (Order Confirming Chapter 13 Plan, R. 29). The United States did not object to bankruptcy judge's declaration of confirmation at the hearing and, instead, merely requested that the plan include annual employment and income reporting requirements, which the court included in its order. *See id.* To date, the debtors have timely made all required plan payments. (Trustee's Report, Doc. No. 7, Exhibit 1.)

## II. APPLICABLE LAW

■ A district court "may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witnesses." Fed.R.Bankr.P. 8013; *see Goerg v. Parungao (In re Goerg),* 930 F.2d 1563, 1566 (11th Cir. 1991). A finding of fact is clearly erroneous only "if the record lacks substantial evidence to support it . . . such that our review of the entire evidence leaves us with the definite and firm conviction that a mistake has been committed." *Blohm v. Commissioner of Internal Revenue,* 994 F.2d 1542, 1548 (11th Cir.1993). In contrast, a district court reviews a bankruptcy court's conclusions of law de novo. *See Goerg,* 930 F.2d at 1566.

## III. APPLICATION

■ The United States first argues that confirmation was in error because the debtors' plan is not feasible. In support, the United States baldly asserts that "[t]he plan's confirmation clearly was in error" because "[t]here is no evidence that the debtors can meet their obligations under the plan." (Appellant Brief, Doc. No. 6 at 6.) After analyzing the proposed plan and assessing the credibility of the parties, the bankruptcy judge found that the debtors' proposed plan was feasible. This finding is bolstered by the fact that, to date, the debtors have timely made all payments under the plan. (Trustee's Report, Doc. No. 7, Exhibit 1.) Contrary to the United

States' assertion, this certainly constitutes "evidence that the debtors can meet their obligations under the plan." Based upon the foregoing, and after reviewing the record on appeal, this Court finds no evidence showing that the bankruptcy judge's finding of feasibility was clearly erroneous.

Next, the United States argues that confirmation was in error because the debtors' plan was filed in bad faith.[2] In confirming the debtors' plan, the bankruptcy judge found that the plan was filed in good faith. Although the United States continues to cry "bad faith" at every turn, it has failed to proffer any evidence casting doubt on the debtors' motives in seeking relief under Chapter 13. In fact, when given the opportunity in open court to substantiate its accusations, the United States plainly ducked the issue and declined the judge's invitation to offer evidence in support of its claims of bad faith. Further, it is worth noting that the Chapter 13 trustee in this case did not object to the proposed plan. Again, after analyzing all of the evidence and assessing the credibility of the parties, the bankruptcy judge found that the debtor's plan was filed in good faith. In this light, and after thoroughly reviewing the record on appeal, this Court finds that the bankruptcy judge's finding of good faith was not clearly erroneous.

## IV. CONCLUSION

The bankruptcy judge did not clearly err in confirming the debtors' Chapter 13 plan. The United States' bald assertions are insufficient to justify expending additional judicial resources on this matter. Debtors' plan fully complies with section 1325, and they are entitled to a fresh start. Accordingly, the Court hereby AFFIRMS the bankruptcy court's order of confirmation. (R. 29.)

---

2. Section 1325(a)(3) provides that debtor's plan must be filed "in good faith and not by any means forbidden by law." 11 U.S.C. § 1325(a)(3).