In re Barbara CUNNINGHAM, Debtor.

Barbara J. Cunningham, Plaintiff,

v.

Georgia Department of Revenue,
Defendant.

Bankruptcy No. 01–71080.
Adversary No. 01–7051.

United States Bankruptcy Court,
M.D. Georgia,
Valdosta Division.

April 1, 2002.

David E. Mullis, Valdosta, GA, for Debtor.

Walter W. Kelley, Albany, GA, trustee.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On February 7, 2002, the court held a hearing on the Georgia Department of Revenue's ("State of Georgia") motion to dismiss Debtor's complaint for the determination of tax liability. During the hearing, the court raised the issue of abstention and allowed the parties to submit letter briefs addressing the abstention issue. At the conclusion of the hearing, the court took under advisement the issue of abstention and the State of Georgia's motion to dismiss. After considering the parties' briefs and the applicable statutory and case law, the court will abstain from making a determination of Debtor's tax liability to the State of Georgia.

### FACTS

Prior to January 1997, Debtor's husband entered into a franchise agreement to own and operate a Popeye's restaurant. In January 1997, Debtor's husband formed J.C. & B.C., Inc. ("Company") to operate the franchise. Apparently, the appropriate documentation was never filed with the Secretary of State in order to properly incorporate the Company under Georgia law. (*See* Pl.'s Resp. to Interrog.). Therefore, no corporation was ever

formed. Debtor was to be the vice-president and Debtor's husband was to be the president of the Company.

Although she was purported to be the vice-president of the Company, Debtor contends that she had no say in its operation. Debtor states that her assistance in the operation of the franchise was limited to cleaning, preparing food, and paying the bread supplier. (*See id.* at ¶ 1). Debtor further states that she had no authority to hire and fire employees. (*See id.* at ¶ 13). In addition, Debtor denies any involvement in the Company's bookkeeping or payroll. (*See id.* at ¶¶ 16–17). According to Debtor, her husband was the only person authorized to sign on the company's account or issue payroll checks. (*See id.* at ¶¶ 8, 17).[1]

On July 9, 2001, Debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code. In Schedule E, Debtor listed the State of Georgia as an unsecured priority creditor with a $104,985.38 claim which is disputed.

On October 17, 2001, Debtor filed a complaint against the State of Georgia for determination of dischargeability of debt. The complaint alleges that the State of Georgia has wrongly assessed Georgia sales and use taxes against Debtor. Debtor contends that these taxes should be assessed against the Company, which she apparently contends is a sole proprietorship of her husband.

On November 20, 2001, the State of Georgia filed its answer. On January 14, 2002, the State of Georgia filed a motion to dismiss Debtor's complaint and a brief in support of its motion. In its answer and motion, the State of Georgia contends that it is immune from suit in federal court pursuant to the Eleventh Amendment of the United States Constitution. The State of Georgia has not filed a proof of claim, therefore, it asserts that it has not waived its Eleventh Amendment immunity. (*See* Mims' Aff., Doc. # 12, Adv. Proc. subfile).

On January 18, 2002, Debtor filed a motion to amend its complaint in order to clarify that she was seeking only a determination of tax liability and was not seeking a determination of the dischargeability of debt. (*See* Doc. # 13, Adv. Proc. subfile). On February 7, 2002, the court entered an order allowing Debtor's amendment to her complaint. (*See* Doc. # 16, Adv. Proc. subfile). On February 19, 2002, Debtor filed her amended complaint. (*See* Doc. # 18, Adv. Proc. subfile).[2]

In response to the State of Georgia's motion to dismiss, Debtor argues that the determination of tax liability is not a suit as defined under the Eleventh Amendment. Debtor also argues that the State of Georgia waived its sovereign immunity by opting out of the federal bankruptcy exemptions in § 522 of the Code and adopting its own exemptions.

At the hearing on February 7, 2002, the court noted that this case is a no-asset case. Therefore, the court raised the issue of whether abstention would be proper. The court referred the parties to a few cases on this issue and allowed the parties to address this authority in letter briefs before ruling on the matter.

---

1. However, the court notes that in Debtor's response to the State of Georgia's Request for Admissions, Debtor admits that she did have authority to sign checks on the company's accounts and did sign checks on the company's accounts. (Pl.'s Resp. to Req. for Admis., ¶¶ 5, 6).

2. In Debtor's amended complaint, she asserts that no discharge has been entered in this case. (See Doc. # 18, ¶ 1, Adv. Proc. subfile). However, the court notes that Debtor's discharge was entered on November 6, 2001. (*See* Doc. # 28, main case file).

In Debtor's letter brief filed on February 18, 2002, Debtor argues that abstention in this case would undermine the purpose of Chapter 7 which is to give debtors a fresh start. Further, Debtor argues the State of Georgia would not suffer any prejudice if the court does not abstain. According to Debtor, whether the creditor would be prejudiced is a key concern in determining whether abstention is appropriate. Therefore, looking solely to the fact that this case is a no-asset case overlooks a key concern.

The State of Georgia, however, argues that abstention is appropriate in this case. The State of Georgia contends that courts generally abstain from make a tax liability determination in no-asset cases because no bankruptcy purpose would be served.

## DISCUSSION

The issues before the court are (1) whether the Eleventh Amendment of the United States Constitution divests the court of jurisdiction to determine Debtor's tax liability to the State of Georgia, and (2) whether the court should abstain from making a determination of Debtor's tax liability. Without making any conclusions as to the Eleventh Amendment immunity issue, the court will abstain from determining Debtor's tax liability to the State of Georgia.

■ Pursuant to § 505 of the Code, the court "may determine the amount or legality of any tax. . . ." 11 U.S.C. § 505(a)(1). The power of the bankruptcy court to determine a debtor's tax liability under this code section is discretionary with the only restraint being a previous prepetition determination made by another competent tribunal. *See* 11 U.S.C. § 505(a)(2); *see also Gossman v. United States (In re Gossman)*, 206 B.R. 264, 266 (Bankr.N.D.Ga.1997)(Murphy, J.); *In re*

*R–P Packaging, Inc., Plicon, Corp.*, 278 B.R. 281 (Bankr.M.D.Ga.2002)(Laney, J.).

In deciding whether a court should abstain from making a determination under § 505 of the Code, courts typically analyze several factors including, but not limited to efficient and orderly case administration, the complexity of the tax issues, the asset and liability structure of the debtor, and prejudice to the debtor and the taxing authority. *See Gossman* at 266; *R–P Packaging*, 278 B.R. at 288; *Wood v. United States (In re Wood)*, No. A93–72186, 1994 WL 759753, at *1 (Bankr.N.D.Ga. Nov. 21, 1994)(Brizendine, J.). In analyzing these factors, courts primarily have considered whether a bankruptcy purpose would be served if a tax determination is made. *See Wood* at *1.

■ The weight of authority demonstrates that abstention is generally appropriate in no-asset Chapter 7 cases. This is because no bankruptcy purpose would be served by a tax determination if no distribution will be made. *See Thornton v. United States (In re Thornton)*, No. 92–40405, 1995 WL 442192, at *6 (Bankr. M.D.Ga. June 23, 1995)(citing *Kaufman v. United States (In re Kaufman)*, 115 B.R. 378, 379 (Bankr.S.D.Fla.1990)); *Starnes v. United States (In re Starnes)*, 159 B.R. 748, 750–51 (Bankr.W.D.N.C.1993)(holding that abstention was proper in no-asset post-discharge case); *Byerly v. Internal Revenue Service (In re Byerly)*, 154 B.R. 718, 720 (Bankr.S.D.Ind.1992); *Cain v. United States (In re Cain)*, 142 B.R. 785, 788–89 (Bankr.W.D.Tex.1992); *In re Diez*, 45 B.R. 137, 139 (Bankr.S.D.Fla.1984).

The court agrees with the above the authority and finds it applicable to the facts of this case. This case is a no-asset case in which no distribution will be made. While the court agrees with Debtor that prejudice to the creditor is a factor to be

considered, Debtor's argument is misplaced. As the Second Circuit has held, when the debtor is the only party that would benefit from a § 505 determination, abstention is proper. *See New Haven Projects LLC v. City of New Haven, et al. (In re New Haven Projects, LLC)*, 225 F.3d 283, 289 (2d Cir.2000). Because the discharge has already been entered in this case, Debtor is the only party who would benefit from a tax determination.

As to Debtor's argument that abstention would undermine Debtor's ability to obtain a fresh start, the court regrets that Debtor failed to contest the tax assessment under Georgia procedures. However, that fact does not require the court to make a determination of her tax liability when that determination can have no effect upon the estate. The court finds that no bankruptcy purpose would be served in this case by determining Debtor's tax liability to the State of Georgia. Therefore, the court will exercise its discretion to abstain from making such determination.

An order in accordance with this Memorandum Opinion will be entered.