In re KOPP, Stuart N., Debtor.

Stuart N. Kopp, Plaintiff,

v.

United States of America, ex rel. Internal Revenue Service, Defendant.

Bankruptcy No. 02–06357–R.
Adversary No. 06–01182–R.

United States Bankruptcy Court, N.D. Oklahoma.

Aug. 21, 2006.

F. Eugene Hough, Tulsa, OK, for Debtor.

Paul R. Tom, Tulsa, OK, for Plaintiff.

Michael James Roessner, Department of Justice, Washington, DC, Phil Pinnell, Office of United States Attorney, Tulsa, OK, for Defendant.

## ORDER DENYING UNITED STATES' MOTION TO DISMISS AND ORDER ABSTAINING FROM DETERMINING LEGALITY AND AMOUNT OF TAX ASSESSMENT UNDER SECTION 505

DANA L. RASURE, Bankruptcy Judge.

Before the Court is the Defendant United States' Motion to Dismiss (Adv.Doc.8) and the United States' Memorandum in Support of Motion to Dismiss (Adv.Doc.9), filed on June 16, 2006, and the Plaintiff's Response to United States' Motion to Dismiss and Brief in Support (Adv.Doc.10), filed on July 5, 2006.

On May 11, 2006, Plaintiff/Debtor Stuart N. Kopp ("Kopp") filed a Complaint Under

11 U.S.C. § 523[sic][1] to Determine the Legality and Correct Amount of a Federal Tax Assessment (Adv.Doc.1) (the "Complaint") against Defendant, the United States of America, *ex rel.* Internal Revenue Service (the "IRS"). Kopp alleges that after an audit of his 1993, 1994 and 1995 income tax returns, the IRS assessed additional taxes against him. The additional amount assessed was based on the IRS's disallowance of certain business expenses that Kopp claimed as deductions from income on those tax returns. As a result of the additional IRS assessment, Kopp's liability to the Oklahoma Tax Commission (the "OTC") also increased. Kopp did not pay the additional IRS assessment, nor did he obtain an adjudication of propriety of the IRS's determination regarding the disputed business expenses. Kopp filed his voluntary petition under Chapter 7 of the Bankruptcy Code in December 2002. Thus, as of the petition date, the IRS and the OTC had tax claims against Kopp and against Kopp's bankruptcy estate. Kopp received a Chapter 7 discharge of his dischargeable debts on March 31, 2003. Because Kopp had no non-exempt assets, no distribution was made to Kopp's prepetition creditors, and the case was closed on April 18, 2003. Kopp filed a motion to reopen his case on February 28, 2006, in order to seek a determination of the legality and amount of his federal tax liability under Section 505 of the Bankruptcy Code. An order reopening the case was entered on March 1, 2006.

The IRS admits that the additional taxes it assessed against Kopp for tax years 1993, 1994 and 1995 were discharged and consequently the IRS has abated its assessment against Kopp. The OTC's tax claim was not discharged, however. Kopp continues to contend that the business expenses he deducted from his income were legitimate and that the IRS's additional assessment lacked a legal basis. Because the undischarged OTC taxes derive from the IRS's calculation of Kopp's federal taxable income, which Kopp believes is inflated because of the IRS's disallowance of the business expense deductions, in his Complaint, Kopp requests that the Court exercise its discretion to "determine the amount or legality" of the IRS assessment so that Kopp may use that determination as a predicate for contesting the amount of the undischarged OTC claim.

The IRS contends that the Court must dismiss this adversary proceeding as moot because the IRS abated its prepetition income tax assessments when such liabilities were discharged and therefore there is no live case or controversy between Kopp and the IRS as to the amount or legality of Kopp's liability to the IRS. Kopp contends that he cannot challenge or resolve the amount of his undischarged liability to the OTC without first obtaining an adjudication of the amount or legality of the discharged liability to the IRS,[2] and

1. Section 523 of the Bankruptcy Code governs exceptions to discharge. The Complaint does not seek a determination as to whether Kopp's prepetition debt to the Defendant was excepted from discharge. Both parties acknowledge that Kopp's debt to the Defendant was not excepted from the discharge under Section 523 and in fact has been discharged.

2. Under Oklahoma law, "the tax status and all elections of all taxpayers covered [by the Oklahoma Income Tax Act] shall be the same for all purposes material hereto as they are for federal income tax purposes except when [the Oklahoma Income Tax Act] specifically provides otherwise." 68 O.S. § 2353(3). Further, Oklahoma taxable income is equal to " 'taxable income' as reported ... to the federal government, and in the event of adjustments thereto by the federal government as finally ascertained under the Internal Revenue Code, adjusted further as hereinafter provided." *Id.*, § 2353(12). Oklahoma's statute adopting a taxpayer's federal income

that resolution of the dispute regarding the legality of Kopp's business expense deductions in Kopp's favor would result in a reduction of his OTC liability and provide Kopp with tangible relief.

██ "A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *City of Albuquerque v. U.S. Dept. of Interior*, 379 F.3d 901, 919 (10th Cir.2004) (quotations and citations omitted). "The crucial question is whether 'granting a present determination of the issues offered . . . will have some effect in the real world.'" *Id., quoting Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir.1999). The Court concludes that Kopp's request for a determination of the amount or legality of taxes assessed against him by the IRS is not moot because even though the resolution of this case will not affect the amount Kopp owes *to the IRS*, Kopp does have a "legally cognizable interest in the outcome," because an adjudication and declaration of the amount of income that was taxable by United States (notwithstanding that such liability has been discharged) would have "real world" consequences for Kopp as it would directly affect the amount of Kopp's undischarged liability to the OTC. Thus, the Motion to Dismiss on the ground of mootness is denied.

██ Although this proceeding cannot be dismissed as moot, the Court must still decide whether this Court is the proper forum to adjudicate the amount and legality of taxes assessed by the IRS against Kopp. Section 505(a)(1) of the Bankruptcy Code provides that—

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

11 U.S.C. § 505(a)(1).[3] The use of the word "may" in Section 505(a) provides the Court with discretion to either make the tax determination requested or to abstain from assuming the authority given under Section 505. *See New Haven Projects Ltd. v. City of New Haven (In re New Haven Projects Ltd.)*, 225 F.3d 283, 287–88 (2d Cir.2000). Courts generally examine the purpose and intent of Section 505 when considering whether to determine tax issues. *Id.* at 288. *See also In re Palij*, 202 B.R. 27, 32 (Bankr.D.N.J.1996).

██ From legislative history, courts have gleaned that the purpose of Section 505 is twofold. First, Congress authorized bankruptcy courts to review the legality of a debtor's prepetition tax liabilities to protect "creditors from the dissipation of the estate's assets which could result if the creditors were bound by a tax judgment which the debtor . . . did not contest." *City Vending of Muskogee, Inc. v. Okla. Tax Comm'n*, 898 F.2d 122, 125 (10th Cir. 1990) (quotations and citation omitted).[4]

---

tax status and federal adjustments to income is known as a "piggyback" provision. *Gen'l Accessory Mfg. Co. v. Okla. Tax Comm'n*, 2005 OK CIV APP 75, 122 P.3d 476, 478.

3. Paragraph (a)(2) of Section 505 provides that the court may not re-determine a tax liability where the tax was contested and adjudicated prepetition and may not determine

the estate's right to a tax refund in certain circumstances.

4. Although federal law provides generally that a federal court is precluded from interfering with assessments of taxes assessed by a State where a taxpayer has a remedy in the courts of the State, in a bankruptcy proceeding, Section 505 of the Bankruptcy Code authorizes the bankruptcy court to review a State tax

Second, Section 505 was designed to "allow[ ] the prompt resolution of a debtor's tax liability, where that liability has not yet been determined prior to the bankruptcy proceeding, in the same forum addressing the debtor's overall financial condition." *Id.* at 124–25. If administration of the bankruptcy estate would be delayed by a tax proceeding in a non-bankruptcy jurisdiction, Section 505 permits the bankruptcy court to promptly determine the legality or amount of the tax claim.

■ Abstention from determining a debtor's tax liability is appropriate when neither of the purposes of Section 505— expediting the administration of the estate or potentially reducing tax claims that dilute the recovery to other creditors— would be served by assuming jurisdiction over the proceeding. See *Shapiro v. United States (In re Shapiro)*, 188 B.R. 140, 144, 148–50 (Bankr.E.D.Pa.1995) and cases cited therein (following "the majority approach" in concluding "that neither of the above two purposes—prompt administration of the bankruptcy case and protection of creditors interests—would be served by a determination of a chapter 7 debtor's tax liability in no-asset chapter 7 cases"). *See also Cunningham v. Georgia Dept. of Revenue (In re Cunningham)*, 278 B.R. 290, 293 (Bankr.M.D.Ga.2002) (in a no asset case, where "the debtor is the only party that would benefit from a § 505 determination, abstention is proper"); *Stevens v. United States (In re Stevens)*, 210 B.R. 200, 201 (Bankr.M.D.Fla.1997) (where no bankruptcy policy is advanced by adjudicating a tax dispute, "the court may and should abstain from hearing the controversy"); *Palij*, 202 B.R. at 32 (where a debtor in a closed no asset case requested the bankruptcy court to reopen the case to

determine whether she was a "responsible person" subject to non-dischargeable liability for a related entity's failure to pay trust fund taxes, no creditors would benefit from the tax determination and the determination would have no effect on the administration of the estate; thus, abstention was appropriate).

In this case, Kopp did not schedule any non-exempt assets, and the administration of the estate was completed without any distribution to creditors in April 2003. Determination of Kopp's federal taxable income for the years 1993 to 1995 for the purpose of determining his undischarged liability to the OTC will have no effect on the administration of the estate and has no potential to enhance distribution to Kopp's other prepetition creditors. Thus, neither policy is advanced by adjudicating the legality of the IRS's disallowance of Kopp's business expense deductions or the amount of the undischarged OTC tax assessment in this forum.

■ Some courts consider various factors when determining whether to abstain from determining tax claims under Section 505. This test requires—

> balancing the Bankruptcy Court's need to administer the bankruptcy case in an orderly and efficient manner, the complexity of the tax issues to be decided, the asset and liability structure of the debtor, the length of time required for trial and decision, the judicial economy and efficiency, the burden on the Bankruptcy Court's docket, prejudice to the debtor and potential prejudice to the taxing authority responsible for collection from inconsistent assessments.

*Shapiro*, 188 B.R. at 149 n. 5, *quoting In re Hunt*, 95 B.R. 442, 445 (Bankr.N.D.Tex.

---

assessment where the debtor failed to pursue available remedies in State Court so that *creditors* are not prejudiced by the debtor's negli-

gence, disinterest or lack of resources to challenge the assessment. *City Vending*, 898 F.2d at 124–25.

1989). *See also New Haven Projects Ltd. v. City of New Haven (In re New Haven Projects Ltd.)*, 225 F.3d 283, 289 (2d Cir. 2000) (listing similar factors).

Again, because the estate has been fully administered and no assets are available for distribution to creditors, determining the propriety of the IRS's disallowance of Kopp's business expense deductions and, ultimately, the amount of the undischarged OTC tax claim can have no effect on administration of the estate.[5] Further, regardless of the complexity of the tax issue, this Court lacks the expertise of a state or federal tax court in interpreting state and federal tax law. Moreover, the adversary proceeding presents no issues of bankruptcy law. With respect to whether it is fair to Kopp to require him to litigate this issue in another forum and whether he might be precluded from litigating the issue in another forum without first tendering the disputed tax, the Court observes that Kopp had the opportunity to timely contest the IRS's rejection of his business expense deductions prior to filing bankruptcy and chose not to do so. As the bankruptcy court explained in *Shapiro*—

> Although it is true that an exercise of this jurisdiction would benefit the debtors and further the "fresh start" policy of the Bankruptcy Code, that interest would only be served at the expense of the orderly enforcement of the internal revenue laws. Unless this court abstains [when the estate and creditors are not affected], every taxpayer would know that he or she could ignore all of the tax protest and determination procedures and opportunities provided by the Internal Revenue Code and regulations, allow all time periods they provide to

expire, watch the Service finally determine a tax, and then years later come into this court and obtain the judicial determination the taxpayer chose not to seek before. The interest of justice cannot be furthered by that result.

*Shapiro*, 188 B.R. at 149–50, *quoting Millsaps v. United States (In re Millsaps)*, 133 B.R. 547, 555 (Bankr.M.D.Fla.), *aff'd* 138 B.R. 87 (1991). Accord *New Haven Projects Ltd.*, 225 F.3d at 290 (abstention from conducting Section 505 review of prior tax assessment was appropriate where such adjudication would benefit only debtor and its insiders and such review constituted a "second bite at the apple" for the debtors, who failed to pay or contest the assessment prior to bankruptcy); *Cunningham*, 278 B.R. at 293 (Section 505 does not require the bankruptcy court to adjudicate tax assessments that were not timely contested by the debtor prepetition if the determination would have no effect on creditors or the estate but would benefit only the debtor); *Stevens*, 210 B.R. at 202–03 (bankruptcy court should abstain from hearing and determining issue solely between the debtor and taxing authority, the resolution of which would confer no benefit on creditors or advance the administration of the estate). The Court agrees with *Shapiro* court in rejecting the premise that in enacting Section 505, "Congress intended to create another judicial forum in which taxpayers may litigate tax issues when the only interested parties to [the] dispute are the debtor/taxpayer and [the taxing authority]." *Id.* at 149.

Because the Court finds that a consideration of the factors listed above weighs against retaining this tax litigation and that "no bankruptcy purpose" would be

---

5. Thus, the asset and liability structure of the debtor, the length of time required for trial and decision, and judicial economy and efficiency are largely irrelevant. Retaining this adversary proceeding would not place any undue burden on the Court's docket, however.

served upon adjudication of Kopp's undischarged tax liability to the OTC, the Court concludes that it is appropriate to abstain to allow Kopp to obtain a determination of his federal taxable income and his OTC liability in another court of competent jurisdiction.

Accordingly, an order of dismissal without prejudice will be entered contemporaneously herewith.

**SO ORDERED.**